417 P.2d 546

**John Wm. JOHNSON, Appellant,**

v.

**The BOARD OF SUPERVISORS OF the COUNTY OF PIMA, State of Arizona, and Pete Rubi and Dennis Weaver, and Thomas Jay, Chairman, as Members of said Board, and Carroll H. Christian, Treasurer of said County, Appellees.***

**No. 2 CA–CIV 254.**

Court of Appeals of Arizona.

Aug. 2, 1966.

Rehearing Denied Sept. 9, 1966.

Review Denied Oct. 18, 1966.

* This appeal was filed with the Arizona Supreme Court and assigned that Court's No. 8506. The matter was referred to ■■■ this Court pursuant to A.R.S. Section 12–120.23.

34

John Wm. Johnson, Tucson, in pro. per.

Norman E. Green, Pima County Atty., Horton C. Weiss, Deputy County Atty., Pima County, Tucson, for appellees.

KRUCKER, Chief Judge.

John Wm. Johnson, an attorney duly admitted to practice in the State of Arizona, was called by Joe Jacobsen, a justice of the peace, Tucson Justice Court, Precinct #4, Pima County, Arizona, and was appointed by said justice of the peace to represent one Raymond C. Cook, a defendant charged with the crime of murder, in a preliminary hearing to be held in the justice court.

The appellant, in response to said appointment, did adequately and completely represent defendant at the preliminary hearing. The justice of the peace set the value of Mr. Johnson's services at $75.00.

Demand for payment was made upon the treasurer of Pima County, Arizona, and upon the board of supervisors of Pima County, Arizona, and both refused payment. The justice of the peace had ordered payment to be made to Mr. Johnson.

Mr. Johnson filed an application in the Superior Court of Pima County for a writ of mandamus. After due hearing the court denied the prayer for a peremptory writ of mandamus and this appeal was perfected.

The sole question before this Court is whether or not refusal of payment was correct under the circumstances. Stating the question a little differently, is an indigent defendant entitled to have an attorney furnished, at county expense, at a preliminary examination.

We are most aware of the trend in the law in recent years in the area of a defendant's right to counsel. We will not delve into the legal philosophy of this trend. Suffice it to say that the leading cases, starting with Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963); and White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963), deal with the right to be furnished counsel at arraignment and trial, but not at a preliminary hearing.

Appellant relies on A.R.S. § 13-1673, as amended, which provides in part:

"When counsel is appointed by the court and represents the defendant in either a criminal proceeding or insanity hearing, he shall be paid by the county in which the court presides, * * *"

comparing it with § 44–905, Arizona Code Annotated, 1939, which pertinent part states "Whenever counsel is appointed by the *superior* court * * *." (Emphasis supplied.) It is contended that elimination of the word "superior" in A.R.S. § 13–1673, referring to "the court", evidences a legis-

lative intent that the statute should apply to all courts, and not merely to superior courts. We cannot agree with this contention.

■ Rule 163, Arizona Rules of Criminal Procedure, 17 A.R.S., deals with the duty to appoint counsel at arraignment for indigent defendants which would, of necessity, be in the superior court. In view of our Supreme Court's repeated holding that defendants are not entitled to appointment of counsel at a preliminary hearing in the justice court, we construe A.R.S. § 13-1673 to apply to the superior court and give the appointment of counsel to that court.

There is no provision under the laws of this state to compensate counsel appointed by a justice of the peace for representation in the justice court. Likewise, the Supreme Court of this state has explicitly held on several occasions that a defendant was not deprived of due process of law by not having counsel at the preliminary hearing. State v. Chambers, 100 Ariz. 368, 414 P.2d 742 (1966). Also see State v. Smith, 99 Ariz. 106, 407 P.2d 74 (1965). We are mindful of the decision of the Court of Appeals, State of Arizona, Division One, in Johnson and Douglas v. Superior Court, 2 Ariz.App. 407, 409 P.2d 566 (1966), which case is now on review before the Supreme Court of Arizona. In the Johnson and Douglas case, however, the indigent defendant Coleman, in the Maricopa County criminal cause, had been bound over to the superior court and Mr. Johnson and Mr. Douglas were appointed by the superior court and secured the referral of the case to the magistrate for a new preliminary hearing.

■ Appellant contends that compelling an attorney to serve without compensation is in contravention of the Due Process Clause of the United States Constitution. We are of the opinion, however, that this does not constitute a violation of the Due Process Clause but is an obligation imposed upon an attorney by the ancient traditions of his profession and as an officer assisting the courts in the administration of jus-

tice. United States v. Dillon, 346 F.2d 633 (9th Cir.1965).

The judgment of the trial court is affirmed.

HATHAWAY and MOLLOY, JJ., concurring.