419 P.2d 730

**JOHNSON & DOUGLAS, Attorneys at Law, Petitioner,**

**v.**

**SUPERIOR COURT of the State of Arizona and R. C. Stanford, Jr., as Presiding Judge, Respondents.**

**No. 8735 P.R.**

Supreme Court of Arizona.

In Banc.

Nov. 2, 1966.

Johnson & Douglas, by N. Pike Johnson, Jr., Pasquale R. Cheche, Phoenix, for petitioner.

Robert K. Corbin, Maricopa County Atty., by John A. Golden, Deputy County Atty., Phoenix, for respondents.

Lewis, Roca, Scoville, Beauchamp & Linton, by John J. Flynn, Monroe G. McKay, Phoenix, as amicus curiae.

LOCKWOOD, Justice:

N. Pike Johnson filed in the Court of Appeals, Division I, a petition designated as a petition for issuance of a writ of certiorari, or mandamus, against R. C. Stanford, Jr. as Presiding Judge of the Superior Court in Maricopa County, State of Arizona. The petition was brought in the name of Johnson & Douglas, Attorneys at Law, but concerned legal services rendered by N. Pike Johnson under an appointment as attorney for one Charles Troy Coleman

**374**

an indigent defendant charged with a felony in Maricopa County.

Johnson proceeded to represent Coleman under his appointment, including appearing at a preliminary hearing and in the Superior Court to argue certain motions, which subsequently resulted in a reduction of a felony charge to a misdemeanor against the defendant Coleman, who plead guilty to the latter charge.

Thereafter Johnson presented his claim for legal services under the appointment to the Honorable R. C. Stanford, Jr., who was then Presiding Judge of the Superior Court in Maricopa County. The claim reflected the services and time expended by Johnson, for the use of the Judge in order to fix a reasonable fee to be paid therefor pursuant to A.R.S. § 13–1673. Judge Stanford fixed the sum of $50.00 as the amount to be paid on the claim.

A stipulation of facts was entered into between Johnson and the Deputy County Attorney representing the respondent Presiding Judge, in which it was stated that there existed (at the time the fee was set) a "de facto limitation" of $50.00 as the maximum amount to be authorized as payment to attorneys · appointed by the Superior Court to defend indigent defendants when the outcome of such representation was a plea of guilty or a dismissal without trial. Referring to this stipulation of fact, Johnson claims that the $50.00 fee awarded him by the Presiding Judge was "arbitrary and without the jurisdiction of the Court," and therefore sought either a writ of mandamus requiring the Presiding Judge to fix and determine the reasonable attorneys fee, or a writ of certiorari to review the Presiding Judge's determination of $50.00, and declare it to be null, void and without jurisdiction.

■ We are of the opinion that neither certiorari nor mandamus will lie in this matter. Certiorari will only lie where an inferior tribunal has exceeded its jurisdiction, and there is no appeal, nor any plain speedy and adequate remedy otherwise. Miller v. Superior Court, 88 Ariz. 349, 356 P.2d 699 (1960); Hazard v. Superior Court,

82 Ariz. 211, 310 P.2d 830 (1957). Mandamus is available only where a court refuses to exercise jurisdiction rightfully possessed. But where the act is judicial or discretionary in character, mandamus will not lie to command what the action shall be. Greater Arizona Savings & Loan Assoc. v. Tang, 97 Ariz. 325, 400 P.2d 121 (1965); State v. Phelps, 67 Ariz. 215, 193 P.2d 921 (1948).

■ The Presiding Judge was authorized to determine the fee in question by an order of this court issued in accordance with its constitutional power to regulate the orderly procedure of the inferior courts through the administrative supervision conferred by Art. 6, § 3 of the Arizona Constitution, A.R.S., reading as follows:

"It is ordered, effective the date hereof, that every application for compensation for services rendered to a defendant in a criminal proceeding in the Superior Court of Maricopa County by counsel appointed by the Court shall be submitted to the Presiding Judge who shall determine the amount of compensation in accordance with § 13–1673, Arizona Revised Statutes."

Section 13–1673 A.R.S. (1956) reads:

"When counsel is appointed by the court and represents the defendant in either a criminal proceeding or insanity hearing, he shall be paid by the county in which the court presides, provided that in those matters where a public defender is appointed, no compensation shall be paid by the county. Compensation for such services rendered to defendant shall be such amount as the court in its discretion deems reasonable, considering the services performed."

Webster's Third New International Dictionary defines the phrase "de facto" as meaning "actually, in fact, in reality." The stipulation recites that the limitation thus existing "de facto", or actually, was based upon the services performed, i. e., "the representation of an indigent defendant in a criminal action to its ultimate conclusion upon a plea of guilty." That the Presiding

Judge chose to set the amount of the fee according to the services rendered by following this formula did not involve a conflict with the provisions of A.R.S. § 13–1673. He did in fact exercise judicial discretion in a matter in which he had jurisdiction to act.

The decision of the Court of Appeals, 2 Ariz.App. 407, 409 P.2d 566, is vacated and the writ of mandamus is quashed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL. and McFARLAND, JJ., concur.