447 P.2d 567

Marguerite WARRIS, Petitioner,

v.

The JUVENILE DIVISION OF SUPERIOR COURT IN AND FOR the COUNTY OF PIMA and Anthony Deddens, a Superior Court Judge, Respondents.

No. 2 CA–CIV 612.

Court of Appeals of Arizona.

Nov. 26, 1968.

Charles F. Stout, Tucson, for petitioner.

William J. Schafer III, Pima County Atty., by Fred N. Belman, Deputy County Atty., Tucson, for respondents.

KRUCKER, Judge.

Marguerite Warris has petitioned this court for a writ of certiorari, and a writ was issued on the 24th day of September, 1968. The court, pursuant to such writ, has obtained all other records available from the Juvenile Division of the Superior Court of Pima County.

Three separate hearings were heard by the Honorable Anthony Deddens, a superior court judge duly acting as juvenile judge of the Juvenile Division of the Superior Court of Pima County. This court does not have a transcript of the testimony of the first two hearings, but we have carefully examined all of the records before us, including exhibits and a portion of a transcript of a hearing on August 14, 1968.

The Juvenile Court had previously adjudicated the minor child to be neglected, and the child was placed in a foster home. It was further ordered that there would be a psychological evaluation of the minor child.

On November 24, 1967, the natural mother, Marguerite Warris, filed an order to show cause, and a hearing was scheduled for December 5, 1967. A full hearing was conducted, of which there is no transcript or testimony.

On February 27, 1968, petitioner sought a writ of habeas corpus, and on February 28, 1968, a hearing was held and the application denied. On March 1, 1968, a review hearing was held before the Honorable Anthony Deddens, sitting as a juvenile court judge, and a determination was made against the petitioner. On the 14th of August, 1968, another review hearing was held before the Honorable Anthony Deddens, and the court found that it was in the best interest of the minor child that the care, custody, and control of the minor child remain in the Pima County Welfare Department.

From a review of the record available, we find that the Juvenile Division of the Superior Court of Pima County had complete jurisdiction of the subject matter.

"* * * Certiorari will only lie where an inferior tribunal has exceeded its jurisdiction, and there is no appeal, nor any plain speedy and adequate remedy otherwise. * * *" Johnson & Douglas v. Superior Court, 101 Ariz. 373, 374, 419 P.2d 730, 731 (1966).

Nor can we find any abuse of discretion on the part of the trial court. As stated by our Supreme Court in Hunt v. Norton, 68 Ariz. 1, 6, 198 P.2d 124, 127, 5 A.L.R.2d 668 (1948):

"The general rule is that, in the absence of statute or local practice otherwise, questions or findings of fact, in the inferior tribunal, are not reviewable on certiorari, and that evidence which is made a part of the record cannot be examined to determine whether or not it justified the findings on which the decision or judgment was made; nor will rulings on questions of fact, within the inferior tribunal's jurisdiction, be reviewed. A finding or decision of the inferior tribunal, within its jurisdiction, on facts supported by competent and sub-

stantial evidence, is binding on the reviewing court ,and will not be reviewed by it. * * *"

See also, State ex rel. Hammond v. Kingman, Justice Precinct Court of Mohave Co., 88 Ariz. 342, 356 P.2d 694 (1960).

Finding no lack of jurisdiction or abuse of discretion on the part of the trial court, the order of the superior court shall be affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.