The STATE of Iowa, County of Sioux County, Plaintiffs,

v.

IOWA DISTRICT COURT OF SIOUX COUNTY, James P. Kelley, Chief Judge, Defendant.

No. 62902.

Supreme Court of Iowa.

Dec. 19, 1979.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen. and Harold O. Postma, Sioux County Atty., for plaintiffs.

Terry L. Huitink, Ireton, for defendant.

Considered by LeGRAND, P. J., and REES, UHLENHOPP, ALLBEE and LARSON, JJ.

ALLBEE, Justice.

Writ of certiorari was granted in this case for review of the district court's action in ordering an allowance of compensation for an attorney appointed to represent indigent criminal defendants. The fee was allowed upon presentation of the attorney's claim; no prior notice or opportunity to be heard on the matter was given the certiorari plaintiffs. Plaintiffs insist the defendant district court violated the procedure for notice and hearing outlined in *Furey v. Crawford County*, 208 N.W.2d 15, 18 (Iowa 1973), and thus acted illegally.

In September 1978, Terry Huitink was appointed the defense attorney for two brothers separately charged with burglary in the second degree. Subsequently, on November 20, each accused withdrew his previous not guilty plea and entered a plea of guilty of theft in the second degree. They were sentenced on December 12.

Huitink, acting under authority of section 815.7, The Code, on November 27, 1978, presented a claim for attorney fees and expenses in representing both indigent criminal defendants. By order of that same date, Judge James P. Kelley approved the sum of $956.75 for payment to Huitink. On December 4, Assistant County Attorney Postma made application for rescission of the award and sought a hearing on Huitink's claim. Thereafter, on December 18, the court entered an order which recited that it had "heard the statements of the Assistant County Attorney and Terry Huitink" and also "reaffirmed" the fee allowed by its order of November 27. The petition to this court for writ of certiorari followed and was granted on February 8, 1979.

■ The mode for obtaining appellate review of a district court determination of reasonable compensation under the statutory predecessor to section 815.7 was established in *Furey*, 208 N.W.2d at 19. In *Furey*, we found recourse for dissatisfaction with an attorney fee determination by petition to this court for an original writ of certiorari, alleging that the trial court "exceeded its jurisdiction or otherwise acted illegally." *Id.* at 19; Iowa R.Civ.P. 306. This procedure was later utilized in *Parrish v. Denato*, 262 N.W.2d 281 (Iowa 1978), and *Soldat v. Iowa District Court*, 283 N.W.2d 497 (Iowa 1979).

Defendant points out that *Furey* predates the recent Iowa Criminal Code revision, which took effect on January 1, 1978. Thus, defendant contends that *Furey* is superseded and is not controlling authority under new section 815.7, either for certiorari review of a fee allowance or for notice to the county attorney of the time and place for hearing on a motion requesting fees, a requirement laid down by dictum in *Furey*. We begin consideration of this argument with a comparison of the provisions of section 775.5, The Code 1973, applicable when *Furey* was decided, and the current statute, section 815.7.

In relevant part, section 775.5, The Code 1973, provided:

An attorney appointed by the court to defend any person charged with a crime . . . shall be entitled to a reasonable compensation to be decided in each case by the court . . . .

Section 815.7 provides in pertinent part:

An attorney appointed by the court to represent any person charged with a crime . . . shall be entitled to a reasonable compensation *which shall be ordinary and customary charges for like services in the community* to be decided in each case by a judge of the district court. [Emphasis added.]

It is apparent that the only significant change made pertains to the standard by which fees for attorneys for indigent criminal defendants are calculated, *see Soldat*, 283 N.W.2d at 498; that change does not alter the procedure for trial court determination of fees. Lending to this view is the noted purpose of the criminal law revision as primarily a restatement of the prior law and not a scrapping of it. *Emery v. Fenton*, 266 N.W.2d 6, 8 (Iowa 1978). We are satisfied that the procedure recommended for claiming attorney fees and the certiorari review prescribed in *Furey*, and since followed, remain entirely appropriate.

We next address defendant's assertion that neither the State nor the county has any "interest" in the determination of fees to be allowed court-appointed attorneys for indigent criminal defendants. Decisive to the resolution of this issue, we believe, is the answer to this question: Who is liable for payment of fees ordered by a district judge?

Attorneys appointed to represent indigent criminal defendants are, by provision of Iowa R.Crim.P. 26(2), to be paid as directed in chapter 815 of The Code. We have already set forth the specific mandate for the allowance of fees to attorneys, as contained in section 815.7. The expense of fees for court-appointed attorneys is ordinarily borne by the county in which the crime alleged is committed, except in special cases designated in section 815.1, but not applicable here, where such costs are payable by the state. In order that counties can meet this expense, the legislature has authorized tax levies by counties for the creation of a court expense fund from which a county may pay all court expenses chargeable to it. § 444.10, The Code.

■ Defendant, in response to plaintiffs' petition for writ of certiorari, alleged a misjoinder of parties because the State "has no interest in this matter." We, too, are unable to find any interest of the State in this proceeding. The proceeding to determine reasonable compensation for Huitink's services is ancillary to the principal criminal cases to which the State was the party-plaintiff. *Furey*, 208 N.W.2d at 18. The State neither stands to benefit nor to incur liability as a consequence of the determination and ordering of compensation for Huitink; the facts reveal that the State meets none of the criteria of a real party in interest. Iowa R.Civ.P. 2; *see Hunt v. Wright*, 256 Iowa 1378, 1379, 131 N.W.2d 268, 269 (1964); *Perley v. Heath*, 201 Iowa 1163, 1165, 208 N.W. 721, 722 (1926) ("[T]he court will determine who the real party in interest is, by a reference not merely to the name in which the action is brought, but to the facts, as they appear in the record.").

■ Plaintiff Sioux County, however, contrary to the assertions of the brief filed in behalf of defendant by Huitink, has an interest in the ancillary compensation proceeding even though it was not a party to the principal criminal actions. Whatever compensation is ordered by the district judge must be paid by the county. The order awarding attorney fees represents a claim upon the treasury of Sioux County. Certainly this potential liability to Huitink creates an interest of the county in the compensation proceeding and confers upon it standing for this certiorari review. *Dade County v. Baker*, 362 So.2d 151, 152 (Fla. App.1978); *Dade County v. Strauss*, 246 So.2d 137, 140 (Fla.App.1971), *cert. denied*, 253 So.2d 864 (Fla.1971), *cert. denied*, 406 U.S. 924, 92 S.Ct. 1793, 32 L.Ed.2d 125 (1972).

But even with standing recognized, there remains to be answered the critical question of whether Sioux County was entitled to notice of Huitink's claim for fees and the opportunity to be heard. Defendant earnestly contends that Sioux County has no such right. Defendant's brief calls attention to the fact that section 815.7 neither contains a requirement of notice to anyone nor prescribes a hearing prior to the determination of attorney's compensation. The brief argues that this omission was intentional; it asserts there is a danger in allowing meddling in a matter so inherently related to the effectiveness of counsel, particularly on the part of a county attorney who would dispute the amount of compensation

to be awarded his adversary. The district judge alone is vested with authority to decide reasonable attorney compensation, defendant declares. The brief also suggests that the county must seek and obtain legislative revision in order to gain the rights it demands in this case.

We believe, however, that notice and hearing consistent with the requirements previously laid down in *Furey* should have been afforded in this case. In *Furey*, after discussing the manner of making and supporting a motion for attorney's compensation, this court stated: "Trial court should fix a time and place of hearing on the motion, and specify the notice to be given the county attorney." 208 N.W.2d at 18. We reason that if an attorney asking a fee is entitled to a hearing at which he or she may offer evidence to establish the value of his or her services, *see, e. g., Soldat*, 283 N.W.2d at 498; *Parrish*, 262 N.W.2d at 286, the county, which must pay the fee allowed, ought also to be accorded the opportunity to participate in the hearing.

Nor does it seem just that certiorari review of the district court's fee allowance should be available only upon the dissatisfaction of the attorney. The attorney fee allowance should likewise be subject to review on the petition of the county suffering liability. *Dade County v. Baker*, 362 So.2d at 152; *Dade County v. Strauss*, 246 So.2d at 140. To resolve this case otherwise would cause the district court's discretion to be reviewable only when the court-appointed attorney is disappointed and leave the county without recourse. *See Curtis v. Board of Supervisors of Clinton County*, 270 N.W.2d 447, 449 (Iowa 1978). ("One of the purposes of the writ is to supply a remedy for defects of justice which cannot be corrected by appeal or other procedures.")

Our recognition that the county should be accorded notice and the opportunity to participate in a hearing does not mean that every motion for the allowance of fees should become a contest; we expect most will not. We simply hold that the county, as well as the court-appointed attor-ney, has the right to participate and present evidence at the hearing if it should choose to do so. To aid the county in making its choice of whether or not to participate in the hearing, we direct that all motions for compensation hereafter specify the amount sought.

We also remain satisfied that the *Furey* requirement that notice be given to the county attorney is appropriate. The person holding that office is not only the legal officer of the county, § 336.2, The Code, but also would be familiar with the criminal case handled by the court-appointed counsel.

Finally, despite the concern expressed in defendant's brief, we find no danger nor anything untoward in placing the county attorney in the position of contesting the amount of compensation to be awarded an adversary attorney. Marriage dissolution and eminent domain actions are but two examples of where this is regularly done. *E. g., Locke v. Locke*, 263 N.W.2d 694, 695–96 (Iowa 1978) (marriage dissolution); *In re Condemnation of Lands*, 261 Iowa 146, 153 N.W.2d 706 (1967) (eminent domain).

We add in conclusion that we cannot assume that whatever kind of hearing or discussion was conducted on or before December 18, 1978, which resulted in the order of that date alluded to at the outset of this opinion, sufficed to fulfill the notice and hearing requirements of *Furey*. The record before us contains only the order and is barren with respect to an indication of events leading to its entry.

We therefore sustain the writ, annul defendant's orders on attorney fees and remand this case for further proceedings consistent with this opinion.

WRIT SUSTAINED.

All Justices concur except LeGRAND, J., who concurs specially.

LeGRAND, Justice (concurring specially).

I concur in the result reached by the majority, but I do not agree that notice and hearing are required in every routine application for attorney fees under section 815.7,

The Code. I would hold such a hearing should be afforded only on the request of either the attorney who has asked an allowance of fees or the county which is to pay them. To the extent necessary to accomplish this , I would modify *Furey v. Crawford County*, 208 N.W.2d 15 (Iowa 1973).