STATE of Iowa, Plaintiff,

v.

IOWA DISTRICT COURT FOR LYON COUNTY, Defendant.

No. 83–545.

Supreme Court of Iowa.

May 16, 1984.

---

**2.** In West Virginia, however, the jury can (but need not) expressly request mercy for the defendant.

Thomas J. Miller, Atty. Gen., and Roxann M. Ryan and Douglas F. Staskal, Asst. Attys. Gen., for plaintiff.

Randy L. Waagmeester, County Atty., for defendant.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, McGIVERIN, and LARSON, JJ.

UHLENHOPP, Justice.

In this case the State challenges the legality of an award of attorney fees against it for the defense of criminal cases.

Division IV of chapter 422 of the Iowa Code of 1981 relates to the retail sales tax. Section 422.58(5) of that division provides:

A person required to pay a tax, or to make, sign, or file a return or supplemental return, who willfully makes a false or fraudulent return, or willfully fails to pay at least ninety percent of the tax or make, sign, or file the return, at the time required by law, is guilty of a fraudulent practice.

Another section of the Code makes a fraudulent practice a public offense. Iowa Code § 714.8(10).

The Iowa Department of Revenue conducted a sales tax audit in Lyon County of the affairs of Randall L. Riggs, and referred its report to the Attorney General. An Assistant Attorney General wrote the Lyon County Attorney stating inter alia:

Our office recommends that a trial information be filed against Mr. Riggs in fourteen (14) separate counts of fraudulent practice pursuant to section 422.58(5) of the Code as amended and effective January 1, 1980. The degree of these offenses will of course depend upon the tax due for each quarter, which amounts can be found in the enclosed case materials on the page entitled Statement of Sales and Sales Tax Liability. As you can see these crimes range in degree from simple misdemeanors to aggravated misdemeanors.

If for some reason you are unable to assume the prosecution of this matter at this time, our office will prosecute this case on behalf of the State upon receipt from you of a written request pursuant to Rule 5(1) of the Iowa Rules of Criminal Procedure. Mr. Randy Lane of the Department of Revenue's Audit Compliance Section, telephone (515) 281–5551, is available to answer any questions that you might have concerning the investigation and attached case materials.

The County Attorney deferred to prosecution by the Attorney General, who in the name of the State filed informations against Riggs for the alleged violations. Before the district court, Riggs would not establish his indigency or obtain an attorney. The court therefore appointed an attorney for him. Subsequently he was convicted of the charges and sentenced. The district court then allowed the defense attorney a fee in the following order:

IT IS HEREBY ORDERED that Francis Honrath, Attorney at Law, Inwood, Iowa, be and he is hereby allowed fees for services and advances on behalf of the defendant in this matter in the amount of $1,079.40. IT IS FURTHER ORDERED that these fees be paid to Mr. Honrath by the State of Iowa, pursuant to Section 331.778 (Code 1983). Upon receipt of this order, the same to counsel of record and the defendant herein and to the Treasurer, State of Iowa, who shall, upon receipt of the same, remit the fee of $1,079.40 to Mr. Francis Honrath, Attorney at Law, Inwood, Iowa.

The court also ordered Riggs to reimburse the State for the fee. We will subsequently quote relevant portions of section 331.778.

The State petitioned this court for a writ of certiorari to test the authority of the district court to require it to pay the fee. We granted a writ.

The problem presented requires consideration of rules, statutes, and decisions on the subject. As to the *prosecution* of public offenses, subsections 1 and 2 of section 331.756 in the county home rule chapter of the Code provide:

The county attorney shall:

1. Diligently enforce or cause to be enforced in the county, state laws and county ordinances, violations of which may be commenced or prosecuted in the name of the state, county, or as county attorney, except as otherwise provided.

2. Appear for the state and the county in all cases and proceedings in the courts of the county to which the state or the county is a party, except actions or proceedings resulting from a change of venue from another county, and appear in the appellate courts in all cases in which the county is a party, and appear in all actions or proceedings which are transferred on a change of venue to another county or which require the impaneling of a jury from another county and in which the county or the state is a party.

Subsections 1 and 2 of section 13.2 of the Code provide:

It shall be the duty of the attorney general, except as otherwise provided by law to:

1. Prosecute and defend all causes in the appellate courts in which the state is a party or interested.

2. Prosecute and defend in any other court or tribunal, all actions and proceedings, civil or criminal, in which the state may be a party or interested, when, in his judgment, the interest of the state requires such action, or when requested to do so by the governor, executive council, or general assembly.

In addition, paragraph 1 of rule 5 of the rules of criminal procedure states:

All indictable offenses may be prosecuted by a trial information. An information charging a person with an indictable offense may be filed with the clerk of the district court at any time, whether or not the grand jury is in session. The county attorney shall have the authority to file such a trial information except as herein provided or unless that authority is specifically granted to other prosecuting attorneys by statute.

The attorney general, unless otherwise authorized by law, shall have the authority to file such a trial information upon the request of the county attorney and the determination of the attorney general that a criminal prosecution is warranted.

As to the district court's *authority* to appoint an attorney for an accused, subsections 1 and 3 of section 331.778 of the home rule chapter provide:

1. The court, for cause and upon application of an indigent person or the public defender or on its own motion, may appoint an attorney, other than the public defender, to represent an indigent person at any stage of legal proceedings or on appeal. The appointed attorney shall be compensated as provided in section 815.7.

. . .

3. If a court finds that a person desires legal assistance and is financially able to secure legal counsel but refuses to employ an attorney, the court shall appoint an attorney to represent the person at public expense. The attorney fee paid by the state or the county shall be taxed as part of the court costs against the person receiving the legal assistance and the state or the county shall be reimbursed for the fee when the court costs are paid.

As to the *fee* of a court-appointed attorney, section 815.7 of the Code provides in pertinent part:

An attorney appointed by the court to represent any person charged with a crime in this state shall be entitled to a reasonable compensation which shall be the ordinary and customary charges for like services in the community to be decided in each case by a judge of the district court, including such sum or sums as the court may determine are necessary for investigation in the interests of justice and in the event of appeal the cost of obtaining the transcript of the trial, and the printing of the trial record and necessary briefs in behalf of the defendant . . . .

█ As to *liability* for the fee, we set forth the rule of general applicability in

*State v. Iowa District Court of Sioux County,* 286 N.W.2d 22, 24 (Iowa 1979):

> The expense of fees for court-appointed attorneys is ordinarily borne by the county in which the crime alleged is committed, except in special cases designated in section 815.1, but not applicable here, where such costs are payable by the state. In order that counties can meet this expense, the legislature has authorized tax levies by counties for the creation of a court expense fund from which a county may pay all court expenses chargeable to it. § 444.10, The Code.

We also stated in *Hulse v. Wifvat,* 306 N.W.2d 707, 713, 714 (Iowa 1981):

> In this system, the legislature has granted judges the authority to control the expenditure of county funds for court-appointed attorneys....
>
> . . .
>
> The legislature has provided boards of supervisors with an alternative to the court-appointment system. Under chapter 336A, they may establish a county or multicounty public defender office. In that situation, counsel receive full compensation for their services and the salaries are fixed by the boards of supervisors. § 336A.5. This alternative does not change the source of funds for indigent defense work, but it gives local officials greater control over budgeting.

The general rule of county liability is subject to an exception for State liability in certain classes of cases specified in section 815.1 of the Code:

> All costs and fees, including any award of attorney fees to a court-appointed attorney, incurred in any parole revocation proceedings or in any criminal case brought against an inmate of any state institution for a crime committed while confined in such institution, or for a crime committed by such inmate while placed outside the walls or confines of the institution under the control and direction of a warden, supervisor, officer, or employee thereof, or for a crime committed by such inmate during an escape or other unauthorized departure from such institution or from the control of a warden, supervisor, officer, or employee thereof, wherever the said inmate may have been placed by authorized personnel thereof, shall be paid out of the state treasury from the general fund in case the prosecution fails, or where such costs and fees, including an award of attorney fees to a court-appointed attorney, cannot be made from the person liable to pay the same, the facts being certified by the clerk of the district court under his or her seal of office to the state comptroller, including a statement of the amount of fees or costs incurred, such statement to be approved by the presiding judge in writing appended thereto or endorsed thereon.

Under these rules, statutes, and decisions, such liability as exists for defense attorney fees in State cases presently rests on the counties irrespective of who prosecutes the cases except in the cases specified in section 815.1, when it rests on the State. The prosecutions involved here do not come within section 815.1, and the State is not liable for the defense attorney fee. The State does not raise an issue as to whether the *county* is in fact liable for this attorney fee, and that question is not before us. Neither do we consider the future effect on cases of this kind of Senate File 495 of the Seventieth General Assembly.

WRIT SUSTAINED.