**STATE of Iowa, Appellee,**

v.

**Dennis Keith SEE, Appellant.**

No. 85–1278.

Supreme Court of Iowa.

May 21, 1986.

Jane A. Harlan, Newton, for appellant.

Thomas J. Miller, Atty. Gen., Brent R. Appel, Deputy Atty. Gen., and John E. Billingsley, Co. Atty., for appellee.

Peter Cohen, Washington, D.C., for amicus curiae National Legal Aid & Defender Assn.

Considered by REYNOLDSON, C.J., and HARRIS, CARTER, WOLLE, and LAVORATO, JJ.

WOLLE, Justice.

Defendant, an indigent for whom counsel was appointed by the court, contends the prosecution should not have had a voice in the determination of the fees to be paid his court-appointed attorney. The trial court denied defendant's several-pronged challenge to the county attorney's participation in the hearing on counsel's fee application. We affirm, finding neither a constitutional infirmity nor breach of legal ethics in the fee-setting procedure.

The background facts of this case exemplify the procedure we have previously prescribed for determining reasonable fees to be paid court-appointed counsel. *See State v. Iowa District Court*, 286 N.W.2d 22, 25 (Iowa 1979); *Furey v. Crawford County*, 208 N.W.2d 15, 18 (Iowa 1973). Defendant was charged with operating a motor vehicle while intoxicated in violation of Iowa Code section 321.281 (1983), and the court appointed an attorney to represent him after he made a satisfactory showing of indigency. Defendant's court-appointed attorney represented him in connection with his arraignment, pretrial motions, plea of guilty, and sentencing on the charge. The attorney then submitted to the court a claim for attorney fees, supported by an itemized statement of the services performed. A copy was provided to the county attorney, and the county attorney requested a hearing on the fee application, because he objected to several items listed on the claim.

In response to the county attorney's request for a hearing, defendant's counsel applied to the court for an injunction prohibiting any involvement by the county attorney in the hearing on her application for fees. She also requested injunctive relief preventing the county attorney from participating in any future proceeding concerning compensation to be paid court-appointed counsel. After two separate evidentiary hearings were held, defendant's application for an injunction was denied. The district court considered the county attorney's objections before setting the amount counsel was to be paid, and neither defendant, his attorney or the State challenges the amount determined to be reasonable.

Defendant contends that his constitutional rights to counsel and to equal protection of the law were violated by the county attorney's involvement in the hearings which resulted in an order establishing reasonable compensation for his court-appointed attorney. He also argues that the procedure used for determining reasonable compensation violated two provisions of the Iowa Code of Professional Responsibility. We first address the constitutional issues, then defendant's concern about legal ethics.

## I. *Effective assistance of counsel.*

The sixth and fourteenth amendments to the United States Constitution afford criminal defendants the right to effective assistance of counsel. Defendant contends that the county attorney's involvement in the procedure for determining his counsel's attorney fees constituted both a per se violation of his right to effective assistance of counsel and also a violation based on the specific facts of this case. In resolving these constitutional issues we undertake an independent evaluation of the totality of the circumstances shown in the evidentiary record. *Nichol v. State*, 309 N.W.2d 468, 470 (Iowa 1981); *Cosgrove v. State*, 304 N.W.2d 184, 185 (Iowa 1981).

Defendant first contends that the county attorney's participation in setting of fees blights the representation of all indigent criminal defendants in Iowa and constitutes a per se constitutional violation. He argues:

Involvement of the prosecuting attorney in fee setting for court-appointed

defense attorneys as practiced in Jasper County violates the constitutional rights of all indigent defendants. It institutionalizes a system in which the prosecuting attorney exercises de facto supervision over the work of defense attorneys. A defense attorney dependent upon the good will of the prosecutor in order to be paid promptly and in the amount requested can hardly be described as independent.

The United States Supreme Court has recognized that a per se violation of the right to effective counsel may exist even though counsel is available, if "the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." *United States v. Cronic*, 466 U.S. 648, ——, 104 S.Ct. 2039, 2047, 80 L.Ed.2d 657, 668 (1984). The Court has found a per se violation where there has been a total denial of representation by counsel, *Gideon v. Wainright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 799 (1963), a substantial breakdown in the adversary system, *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), or denial of counsel at a critical stage of the trial, *Geders v. United States*, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976) (right to counsel during recess while defendant testifying); *Herring v. New York*, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975) (right to have counsel give summation); *Ferguson v. Georgia*, 365 U.S. 570, 81 S.Ct. 756, 5 L.Ed.2d 783 (1961) (right to assistance of counsel when testifying).

Defendant cites *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), to support his contention that the involvement of the county attorney in fee-setting so infected the attorney-client relationship as to deprive him of an independent and loyal attorney. In *Glasser* defendant's court-appointed attorney failed to cross-examine a prosecution witness who linked defendant to the crime, then also failed to object to inadmissible evidence. The Court found that those omissions resulted from counsel's attempt to diminish the jury's perception of the guilt of a codefendant whom the attorney was also representing. 315 U.S. at 72–75, 62 S.Ct. at 465–67, 86 L.Ed. at 700–02. The Court reversed Glasser's conviction, stating that counsel's "struggle to serve two masters [could not] seriously be doubted." *Id.* at 75, 62 S.Ct. at 467, 86 L.Ed. at 702.

In *Cuyler v. Sullivan*, 446 U.S. 335, 349, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333, 347 (1980), the Court concisely summarized its *Glasser* holding:

> [A] defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief. But until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance.

(Citations omitted.)

The principles of *Glasser* and *Cuyler* concerning per se sixth amendment violations do not benefit defendant in this case, because defendant's counsel faced no conflict of interest and did not actively represent conflicting interests. Defendant's counsel represented neither multiple defendants nor prosecution witnesses, circumstances commonly creating conflicts. *See Nichol v. State*, 309 N.W.2d at 470. Defendant's attorney was not forced to choose one client over another; neither was counsel forced to weigh personal, pecuniary concerns against the client's best interests. Defendant's counsel was entitled to receive reasonable compensation for representing defendant, and the county attorney's participation in the fee-setting process did not diminish that right in any way.

Iowa Code section 815.7 (1983) provides:

> An attorney appointed by the court to represent any person charged with a crime in this state shall be entitled to a reasonable compensation which shall be the ordinary and customary charges for like services in the community to be decided in each case by a judge of the district court....

The district court is itself an expert on the issue of reasonable attorney fees. *Parrish v. Denato,* 262 N.W.2d 281, 285 (Iowa 1978). In several cases we have explained in detail what factors the court may properly consider in determining the amount that will fairly and reasonably compensate court-appointed defense counsel. *See e.g., Coonrad v. Van Metre,* 362 N.W.2d 197, 199–200 (Iowa 1985); *Walters v. Herrick,* 351 N.W.2d 794, 797 (Iowa 1984); *Hulse v. Wifvat,* 306 N.W.2d 707, 709–12 (Iowa 1981). In *Hulse* we said:

> In exercising its independent judgment [to determine the extent of reasonably necessary services], the court must put itself in the position of a reasonable attorney at the time the services were undertaken. The court must recognize the high standard of diligence and preparation which is demanded of counsel in criminal cases and all of the relevant facts and circumstances in the individual case.

306 N.W.2d at 710. Even though the county attorney may participate in the fee-setting process, for reasons clearly articulated in *State v. Iowa District Court,* 286 N.W.2d at 24–25, the district court determines the fee by applying sound principles focused on the quantity and quality of the legal services performed.

Of course the county attorney should have no role in the process through which the court selects counsel for indigent defendants. There is no evidence in this case that the county attorney participated in any way in the selection process. The county attorney's participation in the fee-setting process was not improper and created no conflict of interest for defendant's attorney. We find no per se violation of defendant's constitutional right to effective counsel.

■ The question remains whether the evidence presented by the parties supported defendant's claim of prejudice in this particular case. No such evidence appears in the record.

Several attorneys testified concerning the county attorney's involvement in the determination of attorney fees in this and other cases. None suggested that involvement had any impact on the manner in which the attorneys represented defendants in those or any other criminal cases. We agree with the district court's findings that the county attorney had been helpful to the court in determining the reasonableness of attorney fees without in any way affecting adversely the right of each indigent defendant to independent, loyal, court-appointed counsel.

Focusing on the fee application of defendant's attorney, the court found merit in part but not all of the county attorney's objections to the number of hours claimed. We find reasonable the district court's determination that defendant's attorney should receive an attorney fee of $344.00 rather than the $412.00 claimed.

We conclude that in this case defendant's attorney had no conflict of interest in representing defendant. Defendant's counsel was in a position to provide him independent, informed and discriminating legal advice, fully satisfying his constitutional right to effective counsel.

II. *Equal protection.*

■ Defendant contends that the prosecution's involvement in fee-setting also denies equal protection to indigent criminal defendants because the county attorney reviews only the fee bills of appointed counsel, while fees charged by private attorneys are not similarly scrutinized. It is certainly true that court-appointed counsel, but not privately retained counsel, must present their fee applications for review by the county attorney. The classification is rationally based upon a legitimate public purpose, the fact that the fees are paid from public funds. *State v. Iowa District Court,* 286 N.W.2d at 24. The procedure we have prescribed for review of court-appointed counsel's fee applications does not implicate a fundamental right or a suspect classification, and it satisfies the traditional rational basis test. *See Veach v. Iowa Department of Transportation,* 374 N.W.2d 248, 249 (Iowa 1985); *Stracke v.*

*City of Council Bluffs,* 341 N.W.2d 731, 733–34 (Iowa 1983).

The county attorney's participation in the process through which the court determined the fee of his attorney did not violate defendant's right to equal protection.

### III. *Ethical considerations.*

 Defendant also contends that the district court's fee-setting procedure compels or at least tempts court-appointed counsel to violate ethical obligations to their clients. Defendant correctly points out that the Iowa Code of Professional Responsibility for Lawyers is so clearly in the public interest as to require rigid adherence and strict enforcement by this court. *See Committee on Professional Ethics and Conduct v. Oehler,* 350 N.W.2d 195, 199 (Iowa 1984). Defendant then focuses on two specific code provisions. Ethical consideration 5–2 provides:

> A lawyer should not accept proffered employment if his personal interests or desires will, or there is reasonable probability that they will, affect adversely the advice to be given or services to be rendered the prospective client. After accepting employment, a lawyer carefully should refrain from acquiring a property right or assuming a position that would tend to make his judgment less protective of the interests of his client.

Disciplinary Rule 5–101(A) states:

> Except with the consent of his client after full disclosure, a lawyer shall not accept employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property, or personal interests.

Defendant contends that court-appointed attorneys have a personal financial interest in being well and promptly paid, while their clients have an interest in effective representation by independent counsel once criminal charges have been filed. He argues that when the county attorney is the adversary on both the fee determination and criminal charges, the court-appointed attorney may be tempted or even forced to put personal interests above clients' interests.

Defendant offered no evidence that his attorney or any other attorney has yielded to this alleged temptation, and we conclude the danger is not real but imagined. We are confident that lawyers appointed to represent criminal defendants are far sturdier in their advocacy than to allow issues involving attorney fees to diminish the quality of their representation. The State correctly points out that court-appointed attorneys in Iowa are assured payment of reasonable fees, and this is entirely consistent with their clients' interest in receiving effective assistance of qualified counsel.

Defendant has not established that any ethical rule was breached in this case, nor that the involvement of the prosecution in fee-setting is likely to affect adversely any indigent person charged with a criminal offense.

The district court correctly denied defendant's application for injunctive relief.

AFFIRMED.