SCOTT COUNTY, Iowa, Plaintiff,

v.

IOWA DISTRICT COURT FOR SCOTT
COUNTY, Defendant.

No. 85–1430.

Supreme Court of Iowa.

Dec. 17, 1986.

Theodore J. Priester, Asst. Co. Atty., for plaintiff.

Dennis P. Jasper of Stafne, Lewis & Jasper, Bettendorf, for amicus curiae John E. Hogan, Sr.

John G. Mullen, Davenport, for amicus curiae Gail Y. Hogan.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, CARTER and WOLLE, JJ.

McGIVERIN, Justice.

Plaintiff Scott County brought this original certiorari action to contest the district court's ruling ordering the county to pay the attorney and investigation fees incurred on behalf of John Hogan, Jr., in his parents' dissolution modification action. The county alleges that the Hogans were not indigent for purposes of Iowa Code section 598.12(3) (1985), and the county is entitled to its due process rights prior to a court-ordered payment of the fees incurred. We sustain the writ and remand the case to the district court.

I. *Background facts and procedures.* On October 19, 1981, the Iowa district court in Scott County entered its decree of dissolution of the marriage of John E. Hogan, Sr., and Gail Y. Hogan. *See* Iowa Code § 598.17 (1981). Custody of their minor child, John, Jr., was awarded to his father, John, Sr. In 1984 Gail petitioned for a modification of the child custody provision of the original decree, seeking custody of the child. *See* Iowa Code § 598.21(8) (1983). The district court ordered that an attorney be appointed for John Hogan, Jr., and that an investigation be made on his behalf concerning the custody issue. *See* Iowa Code § 598.12(1), (2). After trial, the court granted Gail's petition for modification and awarded her custody of the child. The court also ordered that John, Sr., and Gail share equally the cost of $600 for the home study investigation and the fee of $1,275 for the attorney for John, Jr.

John, Sr., filed a motion pursuant to Iowa Rule of Civil Procedure 179(b) requesting that the court amend or enlarge its modification ruling by ordering Gail, among other things, to bear sole responsibility for the investigation and attorney fees for John, Jr. The costs also included a $125 expert witness fee. The court ruled on the rule 179(b) motion, stating John, Sr., and Gail were each to pay $100 toward the $2,000 of court costs with the balance of $1,800 to be paid by Scott County pursuant to Iowa Code section 598.12(3) (1985).

As a general rule, a non-party cannot be taxed with court costs in the absence of

express statutory authority. *Rerat Law Firm v. Iowa District Court*, 375 N.W.2d 226, 228 (Iowa 1985); *accord Pierce County v. Magnuson*, 70 Wash. 639, 643, 127 P. 302, 303 (1912) (county cannot be taxed with costs of juvenile proceeding where there is no statutory provision for the award of costs). Section 598.12(3) expressly states that the parties to the dissolution will be responsible for investigation and attorney fees incurred on behalf of their child "unless the court determines that the party responsible for costs is indigent in which event the fees shall be borne by the county." Thus, the general prohibition on taxing a non-party with court costs is inapplicable here.

The county challenges the action of the district court by this original certiorari action. Iowa R.App.P. 301, 303. "Certiorari, unless specifically authorized by statute, lies only when the inferior court or tribunal, exercising judicial functions, is alleged to have exceeded its proper jurisdiction or otherwise acted illegally." *Van Meter v. Hellwege*, 356 N.W.2d 541, 543 (Iowa 1984); *Dole v. Harstad*, 278 N.W.2d 907, 909 (Iowa 1979); *see* Iowa R.Civ.P. 306.

The county claims that it is entitled to due process notice and an opportunity to be heard on the issues of the parties' indigency and the reasonableness of the fees sought to be taxed as costs prior to the court's entry of judgment against the county. U.S. Const. amend. XIV, § 1; Iowa Const. art. I, § 9. The county also contends that the district court erred in determining that John, Sr., and Gail Hogan were indigent for purposes of section 598.12(3). In this original certiorari action, the district court is the nominal defendant. The Hogans, however, appear as amicus curiae supporting the defendant's ruling and position. Defendant filed no separate brief. Because we dispose of the case on the first claim, we need not address the county's second contention.

II. *Procedural due process right of the county.* The due process clauses of both the federal and the Iowa constitutions specify a person cannot be deprived of life,

liberty or property without due process of law. U.S. Const. amend. XIV, § 1; Iowa Const. art. I, § 9. Procedural due process requires that deprivation of life, liberty or property be preceded by notice to the person of the proposed deprivation and an opportunity for the person to be heard. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950); *see also Koppes v. Pearson*, 384 N.W.2d 381, 385 (Iowa 1986) (due process provision under Iowa constitution identical to federal due process provision).

Iowa Code section 598.12(3) makes no provision for notice and an opportunity to be heard by the county. Where the statute does not specify due process procedures and a court order under the statute would deprive a person of property without due process, the order cannot stand. *Cf. Blew v. Powers*, 257 Iowa 1112, 1115–16, 136 N.W.2d 273, 276 (1965) (order annulled because statute providing procedure for return of stolen goods did not give non-defendant possessor notice and an opportunity to be heard on the issue of ownership prior to police seizure of the goods). A county is a "person" for purposes of Iowa law, Iowa Code section 4.1(13); therefore, it would appear Scott County, before being ordered to pay $1,800 in fees on behalf of John Hogan, Jr., was entitled to notice and an opportunity to be heard on the issues of the parties' indigency and the reasonableness of the fees sought to be taxed as costs to it.

We have previously discussed a county's right to notice and a hearing on the fee of a court-appointed defense attorney in a criminal case. *See State v. Iowa District Court of Sioux County*, 286 N.W.2d 22 (Iowa 1979). In that case, we relied heavily on our decision in *Furey v. Crawford County*, 208 N.W.2d 15 (Iowa 1973). In *Furey*, a court-appointed attorney for a criminal defendant sued the county for compensation. The suit was dismissed because the attorney failed to follow the procedures for requesting compensation. We outlined these procedures for seeking compensation from

the county for the fees of a court-appointed attorney:

1. Attorney files an application, supported by affidavit, with the district court requesting an amount of reasonable compensation be awarded;
2. District court fixes a time and place for a hearing on the application and specifies the notice to be given to the county attorney.

208 N.W.2d at 18.

We drew on this language in *State v. Iowa District Court of Sioux County*, stating that a non-party county to a criminal action must be given notice pursuant to *Furey* before liability can be imposed on the county treasury for the fees of the court-appointed criminal defense attorney. 286 N.W.2d at 24–25. To aid in the county's decision whether or not to participate in the hearing, we required that the notice to the county specify the amount of the requested fees. 286 N.W.2d at 25.

Hogans argue in support of the district court's ruling, stating that there is a significant difference between court-appointed counsel in criminal and dissolution of marriage cases. They argue that the application of the procedures outlined in *Furey* and *Iowa District Court of Sioux County* to the fees of an attorney appointed under section 598.12(1) and for a home study investigation under section 598.12(2) would unduly burden parties to a dissolution case by requiring them to give notice to a non-party county.

These arguments are not persuasive in light of our past cases concerning due process rights of non-party counties. In *Iowa District Court of Sioux County* we recognized that the county is not a party to a criminal proceeding even though the action is prosecuted by the county attorney. 286 N.W.2d at 24. This did not deter us from requiring that notice be given to the county when it is time to determine the fee of the court-appointed criminal defense attorney. *See also Furey*, 208 N.W.2d at 18.

In further response to Hogans' burden argument, we would not require that the county be given notice and an opportunity to be heard every time a judge orders the appointment of counsel or authorizes the conduct of a home study investigation under Iowa Code sections 598.12(1) and 598.-12(2). A claim of indigency under section 598.12(3), however, will trigger the notice and hearing requirements. When indigency becomes an issue in determining who will pay court costs, the court must order that the county be given notice by service on the county attorney and an opportunity to be heard on the issues of the indigency of the parties and the reasonableness of fees sought to be taxed as costs. The court will also specify who is responsible for serving notice on the county attorney. *Iowa District Court of Sioux County*, 286 N.W.2d at 25 (notice served on county attorney); Guidelines Relating to Costs of Court-Appointed Counsel para. 5(a), (b) (Iowa Sup.Ct. Aug. 19, 1985). The notice should also specify the amount of fees sought to be taxed as costs to the county. *See Iowa District Court of Sioux County*, 286 N.W.2d at 25; *see also* Guidelines Relating to Costs of Court-Appointed Counsel paras. 4(b), 5 & Exhibit A, ¶ 7 (Court-appointed counsel for child in a dissolution action must receive prior approval for fees in excess of $300. A copy of an application for payment of fees must be sent to the county attorney who then has fifteen days to request a hearing.).

Alternatively, the county could petition to intervene if it becomes aware of the appointment of counsel or the authorization of a home study investigation in a case where indigency may become an issue. *Cf. Lalla v. Gilroy*, 369 N.W.2d 431, 433–34 (Iowa 1985) (county intervened to challenge court's authority, absent express statutory authority, to charge the county with guardian ad litem fees in a civil case). Failure by the county to intervene, however, will not waive the notice and hearing requirements stated above.

III. *Disposition.* In summary, we conclude Scott County was entitled to notice and an opportunity to be heard prior to the district court's order taxing $1,800 in costs to the county pursuant to section 598.12(3)

due to the alleged indigency of the Hogans. Although exercising a judicial function, the district court exceeded its authority in ordering the non-party county to pay court costs without prior notice and an opportunity to be heard. Therefore, we sustain the writ of certiorari and set aside the order taxing costs to the county. We remand the case to the district court in the action of *In re Marriage of John E. Hogan, Sr., and Gail Y. Hogan,* Equity no. 29765, for further proceedings consistent with this opinion.

WRIT SUSTAINED AND CASE REMANDED.