# IN THE COURT OF APPEALS OF IOWA

No. 22-1499
Filed February 8, 2023

**IN THE MATTER OF THE ESTATE OF MARY E. MILLER, Deceased.,**

**RICHARD J. MILLER, MARY JO MILLER and MARCIA SOLA,**
    Executors-Appellants.
_____

Appeal from the Iowa District Court for Dubuque County, Monica Zrinyi Ackley, Judge.

The co-executors of an estate appeal the denial of their request for extraordinary fees. **REVERSED AND REMANDED.**

Joshua P. Weidemann of O'Connor & Thomas, P.C., Dubuque, for appellants.

Considered by Vaitheswaran, P.J., and Ahlers and Buller, JJ.

**BULLER, Judge.**

The co-executors of a Dubuque County estate appeal the district court's denial of their request for extraordinary fees. We find the district court abused its discretion when it refused to hold a hearing when confronted with potentially serious errors in its order. We therefore reverse and remand.

## I.      Background Facts and Course of Proceedings

Mary E. Miller died testate in 2021. Mary's three children and heirs were named as co-executors. The executors nominated an estate attorney, whose fees and costs are the subject of this appeal.

The record suggests the estate required extraordinary efforts by the attorney because the executors generally refused to communicate with each other. Nearly all communications between and among them had to flow through the attorney. These communications were made more difficult because only one of the executors used e-mail. Additional work was also required because one of the executors bought the decedent's residence, the executors could not agree on how to divide the property, and the estate attorney had to complete certain specific bequests to the decedent's grandchildren and great-grandchildren.

The maximum ordinary statutory fee for the estate was $10,875.84. The executors applied for and the court approved payment of the statutory maximum. The executors further applied for $6500 in extraordinary fees and reimbursement of a total of $233.88 in advanced costs and expenses. The request was accompanied by the written consent of the co-executors and beneficiaries. After some written back and forth, the executors provided additional information through the attorney, and the district court subsequently denied the request for

extraordinary fees and denied reimbursement of all costs. The district court issued an order citing six purported bases for denying the extraordinary fees and reimbursement, and the executors filed a responsive pleading that sought to correct the court's misunderstanding on the issues, along with a request for a hearing or in-chambers conference.

The district court raised six specific concerns about the fee request, each of which was addressed by the executors in their subsequent pleading. Specifically, the district court believed:

1. Some of the correspondence entries were repetitive;

2. The final report was not filed at the time of the fee application;

3. There were billing entries for exhibits, yet no exhibits were admitted on the EDMS docket;

4. Some tasks could have been performed by a paralegal or secretary;

5. There were billing entries for joint-tenancy property, but the district court thought the inventory did not include property so held; and

6. The bulk of the estate passed outside of probate.

The executors responded to each and every concern:

1. The allegedly repetitive entries concerned internal correspondence with support staff;

2. The final report was prepared at the time of the fee request and the executors so represented under oath;

3. Exhibits were prepared and one was filed of record and so labeled;

4. At least one paralegal worked on the matter and the paralegal's time was billed at an appropriately lower rate than the attorney;

5. The inventory noted accounts held in joint tenancy; and

6. Less than one-fifth of the estate passed outside of probate.

In a one-sentence order, the district court rejected the executors' attempt to clarify the issues and denied their request for a hearing or conference. This appeal follows.

## II. Standard of Review

We review probate matters de novo. *See* Iowa Code § 633.33 (2022); Iowa R. App. P. 6.907. We review a decision on extraordinary fees for abuse of discretion. *In re Est. of Bockwoldt*, 814 N.W.2d 215, 222 (Iowa 2012). We assume without deciding that the decision of whether to hold a hearing or conference in an equity proceeding is subject to the district court's discretion.

## III. Discussion

We conclude the district court abused its discretion in denying the request for a hearing when confronted with potentially serious factual errors in its prior ruling. *See State v. Iowa Dist. Ct.*, 286 N.W.2d 22, 25 (Iowa 1979) ("[A]n attorney asking a fee is entitled to a hearing at which he or she may offer evidence to establish the value of his or her services . . . ."); *In re Est. of Schuster*, No. 03-2067, 2004 WL 2579231, at *3 (Iowa Ct. App. Nov. 15, 2004) ("[W]e cannot say that even with consents an attorney should be precluded from presenting his evidence to the court if the court is opposed to granting the fee application."). Although our review is de novo, and we could arguably decide the merits of the fee issue in the first instance, we believe the better approach is to remand to the district court, consistent with our case law. "We reverse the court's reduction of extraordinary fees and remand to the district court to allow [the attorney] an

opportunity for an evidentiary hearing on his request." *Schuster*, 2004 WL 2579231, at *3. "We make no determination as to the necessity of the work performed or the reasonableness of [the] claim," except to direct that the district court must address any evidence offered at hearing when ruling on this matter. *See id.*

**REVERSED AND REMANDED.**