CHESTER L. McKIM, appellant, v. WALTER T. PETTY, County Superintendent, and JESSIE M. PARKER, State Superintendent of Public Instruction, appellees.

No. 47705.

(Reported in 45 N.W.2d 157)

600

DECEMBER 12, 1950.

REHEARING DENIED APRIL 6, 1951.

Harry F. Garrett, of Corydon, for appellant.

Robert L. Larson, Attorney General, Oscar Strauss, Assistant Attorney General, and Robert W. Burdette, of Leon, for appellees.

OLIVER, J.—Petitioner, Chester L. McKim, was the holder of a superintendent's certificate issued by the Board of Educational Examiners of Iowa. During the school year of 1948-1949 he was superintendent of LeRoy Consolidated School District, Decatur County. This employment terminated in May 1949 and petitioner and his family moved to Promise City, Wayne County, where he thereafter lived and was employed as a teacher and superintendent of the Independent School District of Promise City. In September 1949, during petitioner's residence and employment in Wayne County, a complaint was filed with respondent Walter T. Petty, County Superintendent of Decatur County, under section 260.24, Code of Iowa 1946 (1950), charging that petitioner, while employed as superintendent of LeRoy Consolidated District, had misused, converted and failed to account for money from various school funds and had used lewd and suggestive language before female pupils, and asking that his certificate be revoked. Section 260.24 provides:

"When in the judgment of the county superintendent there is probable cause for the revocation of a certificate or diploma held by any teacher employed in his county, or when complaint is filed, supported by affidavits, charging incompetency, immorality, intemperance, cruelty, or general neglect of the business of the school, the county superintendent shall within ten days transmit to such person a written statement of the charges preferred and set the time, not less than ten days thereafter, and place for the hearing of the same at which trial the teacher may be present and make defense."

Thereafter, petitioner filed a motion asserting the county superintendent was without jurisdiction in the premises because petitioner was not a teacher employed in his county within the meaning of the section and praying that the county superintendent dismiss the proceeding and refuse to exercise jurisdiction. This motion was overruled and petitioner filed an answer and participated in the trial, which was had as provided in Code section 260.25. This section states the trial shall conform to a civil trial in district court, so far as applicable, and if it appears to the county superintendent there is sufficient ground therefor he shall issue an order revoking the diploma or certificate, to

become effective fifteen days thereafter unless an appeal is taken. September 27, 1949, the county superintendent found petitioner's certificate should be revoked and so ordered.

October 8, 1949, petitioner appealed from said order to the superintendent of public instruction, as authorized by Code section 260.26. This section provides: "* * * in case of appeal the revocation shall not be effective until the same is affirmed, after full hearing, by the superintendent of public instruction."

October 21, 1949, petitioner was notified the appeal would come on for hearing November 10, 1949.

November 1, 1949, petitioner filed in district court his petition in certiorari against the county superintendent and the state superintendent of public instruction. The petition asserted petitioner was not a "teacher employed in his [Decatur] county" and hence the county "superintendent had no jurisdiction to determine said matter and revoke said certificate and since he acted illegally in said matter, the state superintendent of public instruction is likewise without jurisdiction to hear and determine said matter adversely to this plaintiff on appeal." That the "state superintendent of public instruction assumed jurisdiction pursuant to plaintiff's appeal" from the decision and order of the county superintendent, and "will proceed illegally to hear and determine said appeal if she is not made a party to this case * * *."

The petition prayed that a writ of certiorari issue and that the order of the county superintendent revoking petitioner's certificate and further action by the state superintendent on the appeal be stayed and the order revoking the certificate be annulled. The writ and stay order issued as prayed. Trial of the certiorari case resulted in judgment December 13, 1949, dismissing the petition and annulling the writ. Notice of appeal therefrom to this court was filed December 21, 1949. Thereafter, on January 18, 1950, the appeal of petitioner from the order of the county superintendent revoking his certificate was tried to the state superintendent, who, on February 8, 1950, affirmed the order of the county superintendent and ordered petitioner's certificate revoked as of that date.

To recapitulate, petitioner brought the matter before the state superintendent by appeal and the effective date of the rev-

ocation of his certificate was thus postponed pending the hearing and order upon appeal. Shortly before the appeal was reached for trial petitioner secured the writ of certiorari and the order staying the hearing before the state superintendent. Next the certiorari case was tried in district court and the writ was annulled and the stay terminated. The petitioner then appealed to this court from the judgment of the district court annulling the writ. Thereafter, while the appeal to this court was pending, the appeal from the order of the county superintendent was tried before and determined by the state superintendent and the revocation of petitioner's certificate took effect February 8, 1950.

In answer to the petition for writ of certiorari respondents pleaded petitioner's appeal to the state superintendent was a bar to the proceeding in certiorari. Petitioner contends the county superintendent did not have jurisdiction, hence the state superintendent was without jurisdiction, and certiorari was proper to test the acts of each of these officers in the premises. It is argued the fact that petitioner invoked the jurisdiction of the state superintendent did not give that officer jurisdiction because jurisdiction could not be conferred by any action of the parties.

Petitioner relies upon Independent School District v. Samuelson, 222 Iowa 1063, 1067, 270 N.W. 434, 436. In that case the school board terminated a teacher's contract under a provision therein authorizing such termination for any reason upon thirty days notice. The teacher appealed to the county superintendent of schools, who overruled the school district's motion to dismiss and held the termination of the contract was an attempt to discharge the teacher under a statute, section 4235, Code of 1935 (now section 279.24), and that the county superintendent had jurisdiction of the matter under Code of 1935, section 4298 (now section 290.1). The board then appealed to the state superintendent who overruled the objection to jurisdiction again raised by the school board and affirmed the order of the county superintendent.

The district court there sustained a writ of certiorari. In affirming that judgment the supreme court held jurisdiction in the state superintendent "must be shown to exist, and that it cannot be implied from conduct or acquiescence, and if jurisdiction does not exist under the law any action of the parties would

604

not make valid and legal that which the state superintendent had no authority to adjudicate or determine." The decision points out also that estoppel or waiver does not lie against a school district.

We do not disagree with this pronouncement. The teacher had not been discharged. The school board had merely terminated the teacher's contract under a provision authorizing it to do so. The only questions were the validity and interpretation of this provision of the contract. Neither the county superintendent nor the state superintendent had jurisdiction to adjudicate such matters. In the case at bar the county superintendent was expressly empowered to try complaints of the nature of those filed with him and to revoke a certificate if sufficient ground therefor appeared. Hence, the county superintendent had jurisdiction of the general subject matter of this case. The issue at this point was whether he had jurisdiction of petitioner who had previously moved to another county and was there employed as a teacher.

As stated in Franklin v. Bonner, 201 Iowa 516, 518, 207 N.W. 778, and quoted with approval in Hulburd v. Eblen, 239 Iowa 1060, 1064, 33 N.W.2d 825: "* * * jurisdiction is the lawful exercise of judicial authority, and involves two elements: (1) the subject-matter of the action or proceeding, and (2) the parties thereto. Jurisdiction of the subject-matter is given to a court solely by the law. Consent cannot confer the right. Jurisdiction over the person is acquired by the service of process upon the defendant, as defined by law, or by his voluntary submission to the jurisdiction of the court."

These and other pronouncements of this court are in accord with the general rule that although a want of jurisdiction of the subject matter may not be waived, where a court has general jurisdiction of the subject matter a lack of jurisdiction of the particular case may be waived, as may other objections to jurisdiction, such as lack of jurisdiction of the person. Danforth v. Thompson, 34 Iowa 243, 245; In re Appeal of McLain, 189 Iowa 264, 269, 270, 176 N.W. 817; 21 C. J. S., Courts, section 109, pages 163 to 167; 14 Am. Jur., Courts, sections 191 and 192, pages 385 to 387. Likewise, one who invokes or consents to a court's jurisdiction is estopped to question it on any ground

other than lack of jurisdiction of the subject matter. 21 C. J. S., Courts, section 108, pages 161 to 163. And it is the rule that a party may be held to have waived or be estopped from asserting his right to certiorari by submitting to the jurisdiction of the tribunal. 14 C. J. S., Certiorari, section 52, pages 200, 201.

In Dennis v. Independent School Dist., 166 Iowa 744, 751, 148 N.W. 1007, 1010, plaintiff withdrew a pleading challenging the right of the school district to take his property by condemnation and tried the case to the jury as to the amount of his damages. Thereafter, he brought a certiorari proceeding to have the action of the school board reviewed and declared null and void because it allegedly had exceeded its jurisdiction. In affirming a judgment dismissing the writ the court stated: "In our opinion it is now too late for plaintiff to change his policy."

In the case at bar it is clear the state superintendent had jurisdiction of the subject matter upon petitioner's appeal to that officer. It is equally clear the state superintendent had jurisdiction of petitioner after petitioner appealed and invoked her jurisdiction. Before that appeal was reached for trial, petitioner assailed the jurisdiction of the state superintendent by certiorari, alleging she "will proceed illegally to hear and determine said appeal * * *." His appeal to this court is from the judgment of the district court annulling the writ.

Although petitioner contended the state superintendent had no jurisdiction to determine his appeal to her, he did not dismiss or attempt to dismiss that appeal and it was tried to the state superintendent while petitioner's appeal to this court was pending. It is our conclusion that the conduct of petitioner in invoking the jurisdiction of the state superintendent and in permitting her to dispose of the case on its merits while this appeal to this court was pending constituted a waiver by petitioner of his right to further assail the jurisdiction of the state superintendent. Hence, the validity of her order revoking petitioner's certificate may not be reviewed on this appeal and the validity of the order of the county superintendent is not now material and need not be considered.

The judgment of the district court is affirmed.—Affirmed.

All JUSTICES concur.