Harold O. POSTMA, Plaintiff,

v.

IOWA DISTRICT COURT FOR PLYMOUTH COUNTY, Defendant.

No. 87–1594.

Supreme Court of Iowa.

April 19, 1989.

Harold O. Postma, Orange City, pro se.
Robert J. Dull, Co. Atty., for defendant.

PER CURIAM.

In this original certiorari action, plaintiff Harold O. Postma challenges the district court's order setting his fees for working as a court-appointed attorney in a criminal case. Postma contends that: 1) the county attorney is equitably estopped from asserting the cost guidelines for court-appointed counsel; 2) these guidelines violate the federal and state constitutions; 3) they also contravene the statutory requirement for reasonable compensation; and 4) the guidelines were incorrectly applied. We find no merit in these assertions.

Postma was the privately-retained attorney for a defendant charged with assault with intent to commit murder. A week later, the criminal defendant applied for the appointment of counsel. After an extended hearing, Postma was appointed on March 2, 1987, to represent the defendant at public expense. At that time, the defendant was charged in one information with three counts: 1) riot; 2) going armed with intent; and 3) assault without intent. The case was set for trial on March 18, 1987. However, the case was continued on two occasions and finally commenced on June 2, 1987. The defendant was ultimately acquitted of all charges.

Postma submitted a claim for attorney fees, requesting payment for 109.1 hours at $60 per hour and expenses of $96.50. At the fee hearing, it was brought to the court's attention that Postma failed to receive prior court approval for exceeding the cost guidelines for court-appointed counsel contained in a supreme court supervisory order dated August, 1985. The appropriate guideline allowed a fee of $1,000.

The district court found the usual fee for such matters was $45 per hour. However, the court interpreted the supervisory order to mandate that a court-appointed attorney must obtain prior approval before exceeding the guidelines. Accordingly, the trial court limited the fees allowed to the sum of $1,000 plus expenses of $96.10.

The supervisory order of August 19, 1985, providing guidelines for the cost of court-appointed counsel, in pertinent part states:

1. In implementation of its constitutional duty to exercise supervisory and administrative control of the judicial department, the supreme court deems it necessary to adopt these guidelines to establish procedures for carrying out judicial department responsibilities relating to payment of attorney fees and expenses for indigents when the law requires such payment from public funds.

. . . .

4. In performing services, attorneys shall be governed by applicable statutes and rules as well as by relevant provi-

sions of the Iowa Code of Professional Responsibility for Lawyers.

a. When required to do so by law or when the attorney has any questions about the propriety of incurring a particular expense, the attorney shall obtain court approval before incurring the obligation.

b. In addition, *the attorney must obtain advance district court approval* for anticipated compensation in excess of amounts that shall be established for particular categories of cases from time to time by the supreme court. Until modified by subsequent order of this court, those amounts are as shown on exhibit "A" attached to these guidelines.

(1) The purpose of requiring such approval is not to inhibit reasonably necessary services, but to provide a system for monitoring and a basis for predicting and budgeting amounts necessary for such compensation.

(2) In determining whether an application should be sustained, the court shall consider whether the anticipated services are necessary in the reasonable professional judgment of counsel. The requirement that an application be made shall not have any bearing on whether an application should be sustained. Moreover, the court shall not require disclosure by the attorney of any information not subject to discovery under applicable law.

(3) Such applications, except as to appeals, ordinarily shall be made at arraignment, and in any event within the period available for discovery prior to trial. They shall not be made later except upon a showing of good cause.

c. Nothing in these guidelines shall affect the duty of the court to determine the amount of allowable compensation for court appointment services in accordance with applicable statutes.

. . . .

6. When applicable law requires compensation to be made on the basis of ordinary and customary charges for like services in the community, the court shall not reduce compensation based on an attorney's duty to represent the poor but shall consider all of the factors dictated by pertinent statutory law and supreme court decisions, including certainty of payment. Moreover, the court shall consider the evidence, its own knowledge on the subject, and any other relevant information bearing on the issue. In order to provide guidance to the court and to foster uniformity in compensation for like services in like communities in the state, the supreme court shall from time to time promulgate guidelines including a range of hourly rates reflecting ordinary and customary charges for like services in the communities of the state, as provided by statute. Until modified by subsequent order of this court, that range is determined as shown in exhibit "A" attached to these guidelines. These guidelines shall be considered by the court, along with all other relevant information, in determining the reasonable value of the attorney's services in the community in question.

(Emphasis added.)

■ I. *Equitable estoppel.* Postma claims that the county attorney had indicated to him that the case was going to "die a natural death." These statements were apparently made sometime between the arraignment and March 18, when the matter was first set for trial. Postma stated that he did not know the case was going to trial until the week beforehand.

■ The evidence falls far short of a showing of equitable estoppel. Postma's own statements show continual preparation for trial in March, April and May. Postma's estoppel contention is also inconsistent with his statement of services rendered and the record before the district court. Equitable estoppel requires proof of both a clear and definite oral agreement and that the plaintiff acted to his detriment, solely relying on the agreement. *Colthurst v. Colthurst,* 265 N.W.2d 590, 598 (Iowa 1978). Postma failed to establish equitable estoppel.

■ II. *Constitutional Claims.* We agree with Postma that his client was entitled, under the federal and state constitutions, to court-appointed counsel. Postma

maintains that the guidelines create a chilling effect which is unnecessary and therefore excessive. We find no merit in this claim.

The guidelines were established to carry out our responsibility regarding the payment of attorney fees and expenses for indigents. Although Postma claims the guidelines create a chilling effect on defendant's exercise of constitutional rights, he does not support this assertion with either facts or conclusions. The facts before us are, in fact, to the contrary.

Nor do we believe that the guidelines create a presumption of prejudice. We are aware that the United States Supreme Court has recognized that a per se violation of the right to effective counsel may exist even though counsel is available if "the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." *United States v. Cronic*, 466 U.S. 648, 659–60, 104 S.Ct. 2039, 2047, 80 L.Ed.2d 657, 668 (1984). There is no showing in the record of any such likelihood. Postma cited no cases in support of his theory. The accused had the benefit of counsel. The matter of reduced compensation arose from his counsel's failure to observe the rules.

We hold that Postma's claim concerning the violation of his client's constitutional rights is without merit.

■ III. *Contravention of Statutory Requirement for Reasonable Compensation.* Our statute expressly requires the court to award "reasonable compensation which shall be the ordinary and customary charges for like services in the community" to the "attorney appointed by the court to represent any person charged with a crime in the state." Iowa Code § 815.7 (1987). Postma urges that the guidelines render section 815.7 meaningless or, at best, sharply curtail its applicability. He also claims the judicial department does not have the power to implement section 815.7. He points out that these guidelines were adopted after securing the recommendations of the Iowa Judicial Council and the Supreme Court Advisory Committee on Cost of Court–Appointed Counsel, along with comments and statements received at public hearings. He asserts that because this order was never presented to the general assembly for its approval, it is invalid. *See* Iowa Code § 602.4202 (1987).

The legislature charged the judiciary with the decision-making process in determining a reasonable compensation. § 815.7. "The Supreme Court ... shall exercise supervisory and administrative control over the inferior Judicial tribunals throughout the State." Iowa Const. art. V, § 4. This supervisory order falls within the court's exercise of supervisory power, rather than a rule of procedure which must be approved by the legislature pursuant to the rule-making procedures set out in section 602.4202.

Courts do not have authority to legislate. *Knudtson v. Swenson*, 261 Iowa 929, 931, 155 N.W.2d 756, 757 (1968). However, these guidelines do not alter or infringe upon section 815.7's provision allowing a reasonable compensation for court-appointed attorneys. *See Guidelines* § 4(c).

The guidelines do set out certain amounts which cannot be exceeded without prior approval of the court. However, they have sufficient flexibility to meet the statutory requirement of reasonable compensation. The mechanism requiring prior approval to allow a greater fee is a part of the order. *Guidelines*, § 4. Plaintiff failed to request that he be allowed to exceed the guidelines. Outside of his estoppel claims, plaintiff offers no reason or excuse for this failure. If the fee that he has been allowed is not "a reasonable fee," which the legislature prescribed under the statute, his failure to make a timely request caused plaintiff's complaint, rather than the guidelines. Thus, the supervisory order does not contravene statutory requirements.

■ IV. *Multiple Charges.* Postma finally argues that the three charges against his clients, involving a class "D" felony, an aggravated misdemeanor and a serious misdemeanor, would allow for fees of

$1,000, $1,000, and $500 respectively. He maintains they were separate charges and required distinctive, unrelated elements of proof.

Although plaintiff's client was charged with three different crimes under the trial information, they all arose out of the same incident. We see no difference between this situation and a single charge that has several included offenses. If the charges had arisen out of different incidences, we would find validity in his arguments. Here, we find no merit in his contention.

WRIT ANNULLED.

All justices concur except SCHULTZ and CARTER, JJ., who dissent, and SNELL, J., who takes no part.

SCHULTZ, Justice (dissenting).

Reducing the fee that Postma earned by over 75% seems an unduly harsh punishment for his failure to ask, "Mother may I?" The trial court agreed that the time spent was necessary to properly defend the accused. I believe Postma's failure to seek prior court approval should not alone be determinative of what his reasonable compensation is. Rather, it should be considered, along with other factors, in deciding the issue.

CARTER, Justice (dissenting).

I agree with the majority that a failure to adhere to the rule requiring advance approval of court-appointed counsel fees which exceed the published guidelines would deprive the district court of a valuable tool in controlling those costs. The present result is untenable, however, because the amount of the fee allowed to attorney Postma is less than that which is reflected by the attorney's hours at trial.

The guidelines are effective primarily at controlling excessive pretrial preparation time. They have slight, if any, remedial effect in curbing an attorney's trial hours. A trial ordinarily takes as long as it takes. If a trial is being needlessly prolonged, the district court has other means at its disposal to deal with that problem.

I believe attorney Postma, at a minimum, is entitled to be compensated in full for his trial time. To deny him that much is punitive. I would also allow him the full guideline fee, in addition to compensation for hours spent at trial, because it is obvious that pretrial preparation exhausted the guideline compensation.