**STATE PUBLIC DEFENDER,**
**Plaintiff,**

v.

**IOWA DISTRICT COURT FOR**
**WARREN COUNTY,**
**Defendant,**

**Haroldson & Pray, P.C., Intervenor.**

No. 97–908.

Supreme Court of Iowa.

April 28, 1999.

William L. Wegman, State Public Defender, and Mark C. Smith, Assistant State Public Defender, for plaintiff.

Keith D. Haroldson of the Haroldson Law Office, Johnston, and James Pray of Brown, Winick, Graves, Gross, Baskerville, and Schoenebaum, P.L.C., Des Moines, intervenor, for defendant.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

SNELL, Justice.

This is a certiorari action brought by the State Public Defender challenging the legality of the district court's award of court-appointed attorney's fees. It contends the court could not award fees at a higher hourly rate than that specified in the attorney's contract to provide indigent defense. We find the court was required to adhere to the forty-five dollar contract rate and was not authorized to approve a higher amount. Accordingly, we sustain the writ and remand the case for entry of a fee award consistent with this opinion.

## I. Background Facts and Proceedings

Attorney Ken Winjum had a contract with the State Public Defender's Office to provide indigent representation at a rate

of forty-five dollars per hour. In September 1996 Winjum was appointed to represent a mother in an action to terminate her parental rights. The district court allegedly told Winjum he would be compensated at the rate of sixty dollars per hour. In February 1997, Winjum submitted an application for attorney fees, utilizing the sixty dollar rate, and the district court approved it.

The State Public Defender filed a request for a review of the claim pursuant to Iowa Code section 13B.4(4)(b) (1997). It argued the contract provided for only a forty-five dollar hourly rate of compensation. Winjum filed a response and contended he had complied with the contract by submitting his fee application and obtaining the court order.

The district court declined to modify the fee award. It found the plain and unambiguous language of the contract provided that the forty-five dollar hourly rate could be varied if the attorney obtained court approval to exceed the fee guidelines. The State Public Defender filed a petition for writ of certiorari. The law firm of Haroldson & Pray filed a petition to intervene based on the interest of its former employee, Winjum. We granted both petitions.

II. Scope of Review

■ A petition for a writ of certiorari is proper when the district court is alleged to have exceeded its jurisdiction or to have acted illegally. *Halverson v. Iowa Dist. Ct.*, 532 N.W.2d 794, 797 (Iowa 1995). Our review is at law. *See id.*

III. Error Preservation

■ The intervenor claims that by invoking the jurisdiction of the district court to review the fee award, the State Public Defender waived its right to seek certiorari review. The applicable authorities do not support this argument.

The State Public Defender is statutorily authorized to review claims for indigent defense costs. Iowa Code § 13B.4(4). If

it believes a claim is excessive it must request district court review within thirty days of its receipt of the claim. Iowa Code § 13B.4(4)(a), (b). It is not disputed that the State Public Defender timely complied with these statutory prerequisites. Nor is it contended that the State Public Defender had any alternative means by which to challenge the fee claim.

■ It has long been established that the proper mode of review of a trial court's allowance of fees for appointed counsel is by petition to this court for an original writ of certiorari. *See Halverson*, 532 N.W.2d at 799; *State v. Iowa Dist. Ct.*, 286 N.W.2d 22, 23 (Iowa 1979); *Soldat v. Iowa Dist. Ct.*, 283 N.W.2d 497, 498 (Iowa 1979); *Furey v. Crawford County*, 208 N.W.2d 15, 19 (Iowa 1973). This mode of review is available not only to a dissatisfied attorney but also to the entity liable for the payment of the fees. *See State*, 286 N.W.2d at 25.

■ Relying on *McKim v. Petty*, 242 Iowa 599, 605, 45 N.W.2d 157, 160 (1950), the intervenor contends a party may waive or be estopped from asserting a right to certiorari review by submitting to the jurisdiction of a tribunal. However, the intervenor's reliance on *McKim* is misplaced since that case involved the issue of whether a certiorari challenge to personal jurisdiction could be waived. *McKim*, 242 Iowa at 604–05, 45 N.W.2d at 159–60. The State Public Defender readily concedes the jurisdiction of the district court to award attorney's fees in this case, and it does not urge any jurisdictional issue as a basis for relief. Instead, it contends the court acted illegally in awarding an hourly contract rate higher than that provided by the parties' contract. The legality of the court's attorney fee award is a proper matter for certiorari review. Finding no waiver, we proceed to address the merits of the State Public Defender's arguments.

IV. Whether District Court's Award Can Vary from the Hourly Rate Specified in the Contract

■ The Iowa Code specifies that the amount of compensation to be paid a con-

tract attorney shall be determined in accordance with the contract. Iowa Code § 815.10(3).[1] Winjum's contract to provide indigent defense contained the following provision:

> The Contractor will be paid on an hourly basis pursuant to the schedule attached hereto, which schedule is incorporated herein by this reference, for reasonably necessary services performed under this Contract. *Any fee guidelines that have been o[r] may be promulgated by the Iowa Supreme Court shall be complied with by the Contractor and the Contractor's fee claim shall not exceed the maximum fee allowed by such guidelines unless the Contractor shall have filed a timely application with the Court to exceed the said fee guidelines.* A file-marked copy of the Application to Exceed and the Court Order allowing same must be attached to the contract fee claim when submitted for payment.

(Emphasis added.)

Winjum's contract specifically incorporates by reference the fee guidelines we have issued for the compensation of court-appointed counsel. *See* 1985 Iowa Sup.Ct. Supervisory Order, *In re Costs of Court-Appointed Counsel* [hereinafter Supervisory Order]. Our guidelines are read in tandem with the statutory provisions that address the compensation of court-appointed counsel. *See Halverson,* 532 N.W.2d at 797.

The guidelines address two distinct aspects of attorney compensation—the hourly rate and the maximum amount established for particular categories of cases.[2] With respect to the latter, the guidelines set out certain amounts which cannot be exceeded without prior approval of the court. Supervisory Order at ¶ 4(b); *Postma v. Iowa Dist. Ct.,* 439 N.W.2d 179, 182 (Iowa 1989). The State Public Defender contends a contract attorney's hourly rate is fixed by the contract and only the maximum amount established for a particular category of cases may be varied by the court.

 It is the cardinal principle of contract construction that the parties' intent controls, and except in cases of ambiguity that intent is determined by what the contract itself says. *Iowa Fuel & Minerals, Inc. v. Iowa State Bd. of Regents,* 471 N.W.2d 859, 862 (Iowa 1991). When a contract is not ambiguous, it will be enforced as written. *Id.* at 862–863.

Winjum's contract expressly incorporated this court's guidelines for court-appoint-

---

1. Iowa Code section 815.10(3) provides:

 A contract attorney appointed by the court pursuant to this section and section 13B.4 shall apply to the state public defender for compensation and for reimbursement of costs incurred in accordance with the contract. The amount of compensation due shall be determined in accordance with the contract.

2. Exhibit "A" of the guidelines provides:

 Amounts which cannot be exceeded without prior approval of the district court in accordance with paragraph 4"b" of the guidelines:

 1. Class A felonies, $2,500.
 2. Class B felonies, $1,500.
 3. Class C and D felonies and aggravated misdemeanors, $1,000.
 4. Serious misdemeanors, $500.
 5. Misdemeanors, $150.
 6. Probable cause portion of parole revocation hearings, $200.
 7. Postconviction relief proceedings, one-half of the present guideline for the offense in the original action.
 8. Appeals to the Iowa Supreme Court, $1,600.
 9. Representation of children in dissolution matters, $300.
 10. Representation of patient at mental or substance abuse commitment hearing, $150.
 11. Representation of party at juvenile case adjudication and disposition, $500. Representation of party at each additional review hearing to be determined by the court.
 12. Representation of indigent wards, $150.

 Range of hourly compensation in accordance with paragraph 6 of the guidelines: $40 to $60 per hour for attorneys, $20 to $30 per hour for paralegal/legal assistants.

ed attorney's fees. Accordingly, it is appropriate to consider both the material provisions of the contract as well as those parts incorporated by reference. *See Porter v. Iowa Power & Light Co.,* 217 N.W.2d 221, 228 (Iowa 1974).

Paragraph 4(b) of our guidelines specify that an attorney must obtain advance district court approval for anticipated compensation in excess of the amounts established for "particular categories of cases." For example, an attorney must seek court approval to exceed the $2500 cap established for class A felonies. However, nothing in the guidelines indicates court approval can be obtained for a variance in the hourly rate to be paid.

When read in conjunction with this court's fee guidelines, the plain and unambiguous meaning of the contract requires a district court to apply the hourly rate imposed by the contract. The district court did not have the authority to approve a higher rate. The writ is sustained, and this case is remanded for the entry of a fee award consistent with this opinion.

**WRIT SUSTAINED AND REMANDED WITH DIRECTIONS.**