**STATE PUBLIC DEFENDER, Plaintiff,**

v.

**IOWA DISTRICT COURT FOR POLK COUNTY, Defendant.**

No. 98–2246.

Supreme Court of Iowa.

Dec. 20, 2000.

Mark C. Smith, Acting State Public Defender, for plaintiff.

Thomas J. Clarke, Jr., Des Moines, for defendant.

NEUMAN, Justice.

We granted the State Public Defender's petition for certiorari to consider his claim that the juvenile court acted illegally when it compensated a court-appointed lawyer for assisting his client to obtain suitable housing. Considered in the abstract, the public defender makes a compelling argument that these were social services, not legal services. But, viewed in context, the lawyer's assistance formed a strategic part of meeting the juvenile court's demands and fulfilling his professional obligation to help his client avoid termination of her parental rights. Moreover the public defender has furnished no record to support his claim that the time devoted to these

services, even if allowable, was excessive. We therefore annul the writ.

## I. Background Facts and Proceedings.

In 1995, attorney Thomas J. Clarke, Jr. executed a contract with the State Public Defender to "provide criminal or juvenile court legal services" to indigent persons pursuant to appointment by the court. As part of that contract, Clarke agreed to use his "best efforts and legal ability on behalf of the client" in each case handled.

Clarke assumed the representation of Susan Green in December 1997. Green, unemployed and on public assistance, was the mother of three children adjudicated by the juvenile court to be in need of assistance (CINA). The children had been removed from the home because of a founded child abuse report lodged against their father and a stipulation by Green that she denied them critical care. Pursuant to an order entered March 12, 1998, Clarke received permission from the juvenile court to exceed established time and fee guidelines in Green's representation and, instead, to be compensated "for his actual time and expenses incurred in this matter."

In October 1998, Clarke submitted a fee claim form requesting payment for thirty-six hours of services rendered at the contract rate of forty-five dollars per hour. The public defender filed a written request to have the claim reviewed by the court, stating "the fees claimed in this case appear to be excessive." Before a scheduled hearing could take place, Clarke submitted another fee claim for an additional twenty-one hours. The court considered both fee statements at the unreported hearing that followed.

The court awarded Clarke the full amount of the fees and expenses claimed. Its order specifically stated that the time expended by Clarke was "both reasonable and necessary in order to provide Susan Green ... with adequate legal representa-

tion" and that the court had directed Clarke to "provide certain services ... including but not limited to [Clarke's] efforts to find adequate housing" for Green, which services were "within the scope of Mr. Clarke's contract with the State Public Defender." The public defender's challenge to this ruling is now before us.

## II. Issue/Scope of Review.

An original action for certiorari is the appropriate procedural vehicle to obtain review of a trial court's award of court-appointed attorney fees. *Furey v. Crawford County*, 208 N.W.2d 15, 19 (Iowa 1973). The question, as in all certiorari actions, is whether the court exceeded its jurisdiction or otherwise acted illegally. *Id.* The burden of proving illegality rests on the party alleging it. *Carstensen v. Bd. of Trs. of Police Ret. Sys.*, 253 N.W.2d 560, 562 (Iowa 1977); *see Coonrad v. Van Metre*, 362 N.W.2d 197, 201 (Iowa 1985) (burden rested on lawyer/plaintiff to prove court failed to apply court-imposed fee standards).

"Applying the correct legal standard, a court has broad discretion in determining attorney fees." *Hulse v. Wifvat*, 306 N.W.2d 707, 709 (Iowa 1981). The trial court has no discretion, however, to apply the wrong standard. *See id.* Where, as here, the certiorari plaintiff challenges the legal basis for the court's fee award, our review is for the correction of errors at law. *Id.; cf. Furey*, 208 N.W.2d at 19 (reasonableness of fee award accorded limited review for abuse of discretion).

## III. Analysis.

The public defender contests the legality of the court's order on the sole ground that it constitutes payment "for activities that do not constitute legal services." His focus is evidently on thirteen entries on Clarke's fee statement pertaining to Green's housing issues. The public defender asserts that under no circumstances may "finding housing for a client"

constitute legal services or legal representation obligating payment under the public defender's contract. In his words, "[f]inding housing does not address any legal needs, does not require out-of-the-ordinary legal skill or knowledge, does not concern either legal rights or remedies."

The public defender's argument rests on the premise that Clarke's efforts to find housing for Green called for no professional judgment and, hence, did not involve the practice of law. *See* Iowa Code of Prof'l Responsibility EC 3–5 ("Functionally, the practice of law relates to the rendition of services for others that call for the professional judgment of a lawyer."); *Comm. on Prof'l Ethics & Conduct v. Baker*, 492 N.W.2d 695, 701 (Iowa 1992). The syllogism does not really work here. We, like other supervising judicial authorities, presume and expect the exercise of professional judgment in whatever capacity a lawyer may be acting on behalf of a client. *See Baron v. City of Los Angeles*, 2 Cal.3d 535, 86 Cal.Rptr. 673, 469 P.2d 353, 357 (1970). The real question is whether the particular services for which the court authorized payment here constitute "legal services" compensable under Clarke's contract with the public defender. Unfortunately we are hindered in our resolution of that question by the scanty record furnished on appeal.

The factual record before us consists almost exclusively of child protective worker reports documenting the CINA proceedings and Susan Green's progress (or lack thereof) in meeting the court's expectations for reunification of this family. The stated goal of CINA proceedings is to "stabilize the home environment so that the family can remain intact without further danger to the child[ren]." Iowa Code § 232.67 (1999). Here, in order to keep her family intact, Green had to find stable housing away from her abusive husband. Evidently this was not an easy task given the number of children involved, Green's economic circumstances, regulations gov-

erning publicly assisted housing, and Green's poor prior history with a federally subsidized housing program. Court documents support Clarke's claim that Green faced the real possibility that the State would move to terminate her parental rights if suitable housing could not be secured. He asserted in argument before this court that it was incumbent upon him to research complex federal housing regulations and interpret them for social workers and landlords alike, all as part of his advocacy for Green. The court's order reinforces Clarke's claim, and the public defender has tendered no evidence to the contrary.

Given this limited record, we cannot say Clarke's aid in resolving Green's housing issues involved neither the exercise of professional judgment nor legal services. Plainly the contract does not preclude payment for such activities. It merely demands counsel's "best efforts and legal ability on behalf of the client in each case handled under the Contract."

If the public defender's real claim is that the extent of Clarke's assistance on this issue was excessive or unnecessary, then it was incumbent upon him to make that record for our review. *See State v. Mudra*, 532 N.W.2d 765, 767 (Iowa 1995) (appellant must provide court with record affirmatively disclosing error relied upon). His reliance on an all-or-nothing approach is simply unpersuasive in the context of the case before us.

Because we cannot say that the juvenile court erred, as a matter of law, when it authorized compensation for a lawyer's services related to securing suitable housing for a client/parent in a CINA case, we annul the writ of certiorari previously granted.

**WRIT ANNULLED.**