John W. HOFMEYER III, Plaintiff,

v.

IOWA DISTRICT COURT FOR
FAYETTE COUNTY,
Defendant.

No. 99–1916.

Supreme Court of Iowa.

Oct. 10, 2001.

Rehearing Denied Oct. 29, 2001.

John W. Hofmeyer III, Oelwein, pro se, for plaintiff.

Thomas G. Becker, State Public Defender, and Mark C. Smith, Assistant State Public Defender, Des Moines, for defendant.

STREIT, Justice.

Attorney John Hofmeyer signed a contract agreeing to defend indigent clients in criminal cases. The State Public Defender denied Hofmeyer's claims for compensation for travel time within Hofmeyer's home county. Hofmeyer now argues a myriad of constitutional and contractual issues. We conclude Hofmeyer's compensation is governed by the terms of his contract. Writ annulled.

## I. Background and Facts

Attorney John Hofmeyer signed a contract with the State Public Defender to provide legal services to indigent clients as a court-appointed attorney in the State of Iowa. Attorney compensation under the contract included payment for services "to the extent specified by administrative rule adopted by the State Public Defender." Hofmeyer submitted claims to the State Public Defender for compensation, including travel expenses within his home county. In particular, he sought payment for travel time from his office in Oelwein to the county seat in West Union.[1] The State Public Defender denied those portions of the claim requesting compensation for travel within the county as not being compensable under the contract. Hofmeyer sought judicial review of the State Public Defender's actions. Iowa Code § 13B.4(5) (Supp.1999). The district court upheld the action of the State Public Defender. Hofmeyer challenges the action of the district court.

## II. Standard of Review

 The purpose of a certiorari action is to determine whether the lower court exceeded its proper jurisdiction or otherwise acted illegally. *Wyciskalla v. Iowa Dist. Ct.*, 588 N.W.2d 403, 405 (Iowa 1998). We review the district court's action for errors in interpreting the law. Iowa R.App. P. 4; *see State v. West*, 320 N.W.2d 570, 574 (Iowa 1982).

## III. The Merits

In his writ of certiorari to the Iowa Supreme Court, Hofmeyer claims the following: (1) the court, rather than the legislature, has inherent authority to determine reasonable compensation for court-appointed attorneys; (2) 493 Iowa Administrative Code rule 493–11.1 (1999) is invalid because it conflicts with Iowa Code section 13B.4 to the extent it does not provide for reasonable and necessary compensation; and (3) the contract he signed was a contract of adhesion subject to the doctrine of reasonable expectations.

Hofmeyer also raised two constitutional challenges to the indigent defense contract. He implicitly seems to argue the indigent defense contract is a violation of his right to equal protection because it treats county seat attorneys differently than non-county seat attorneys. Hofmeyer also argues a violation of separation of powers as the judiciary, not the State Public Defender, has the ultimate authority to determine reasonable and necessary compensation for court-appointed attorneys. We do not reach these issues, however, because we conclude the constitutionality of neither Iowa Code section 13B.4, nor of Iowa Administrative Code rule 493–11.1 is at issue in this case.

The question presented is entirely one of contract interpretation. There are two issues we must consider. First, we must determine whether the district court erred in applying contract law to resolve this case. Second, we must determine whether the district court's ruling was proper under rules of contract interpretation.

## IV. Contract Law Applicability

 The court shall determine compensation for attorneys other than public defenders or contract attorneys in accordance with Iowa Code section 815.7. Iowa Code § 815.10(2) (1999). Section 815.7

---

1. Hofmeyer appealed the State Public Defender's denial of three claims for travel expenses. He was denied a total amount of $55.00 for in-county travel time. As to the three claims, the State Public Defender did approve a total of $578.24 as compensable under the terms of the contract.

provides, "an attorney who has not entered into a contract ... shall be entitled to reasonable compensation." *Id.* § 815.7. However, for attorneys who have entered into an indigent defense contract, the court will determine compensation in accordance with the terms of the contract.[2] *Id.* § 815.10(3).

In this case, Hofmeyer signed an indigent defense contract. We have held the amount of compensation due a contract attorney shall be determined in accordance with the terms of the contract. *See State Pub. Defender v. Iowa Dist. Ct.*, 594 N.W.2d 34, 37 (Iowa 1999); Iowa Code § 815.10(3). Under the statute, it is not the role of the district court to establish or determine reasonable compensation for a contract attorney. The district court properly found this case to be a matter of contract law.

## V. Interpretation of the Contract

 It is a cardinal principle of contract law the parties' intention at the time they executed the contract controls. *State Pub. Defender*, 594 N.W.2d at 37. Absent ambiguity, intent is determined by the written words of the contract itself. *Iowa Fuel & Minerals, Inc. v. Iowa State Bd. of Regents*, 471 N.W.2d 859, 862 (Iowa 1991). This is not to say, however, ambiguity is required before we may consult extrinsic evidence.

 The rule of contract interpretation which provides words and other conduct are interpreted in light of all the circumstances is not limited to cases when ambiguity exists. *Fausel v. JRJ Enters., Inc.*, 603 N.W.2d 612, 618 (Iowa 1999). From the words of the agreement, we must determine "what meanings are reasonably possible." *Walsh v. Nelson*, 622

N.W.2d 499, 503 (Iowa 2001). We must also determine whether a disputed term is ambiguous. *Id.* A term is not ambiguous simply because two parties disagree about its meaning. *Id.* Any determination of meaning or ambiguity must be made in light of all the circumstances, including the relations of the parties, subject matter of the transaction, preliminary negotiations, usages of trade and the course of dealing. *Id.* But, after the agreement "has been shown in all its length and breadth, the words of an integrated agreement remain the most important evidence of intention." *Fausel*, 603 N.W.2d at 618. When determining the meaning of a contract, we look both to the terms of the contract as well as to any documents included by reference.

Hofmeyer argues he should not be bound to the terms of the indigent defense contract that were incorporated by reference. He also claims the contract is adhesive and should only be enforced according to the reasonable expectations of the parties.

### A. Incorporation by Reference

 Under the doctrine of incorporation, one document becomes part of another separate document simply by reference as if the former is fully set out in the latter. 4 Richard A. Lord, *Williston on Contracts* § 628 (3d ed.1961). Where a writing refers to another document, that other document, or so much of it as is referred to, is to be interpreted as part of the writing. *Id.* Whether material is incorporated by reference presents a question of law. 11 Richard A. Lord, *Williston on Contracts* § 30:25 (4th ed.1999). We have held clear and specific reference is required to incorporate an extrinsic document by reference. *Estate of Kokjohn v.*

---

2. The State Public Defender has authority to contract with attorneys for legal services for indigents accused of crimes. Iowa Code § 13B.4(3)(1999).

*Harrington,* 531 N.W.2d 99, 101 (Iowa 1995).

Hofmeyer signed a contract with the State Public Defender. The contract included the following statement: "I hereby accept the terms and conditions of Master Contract Version 493–99. . . ." The contract provided compensation "for reasonable and necessary legal services." In addition to this compensation, travel expenses "will be paid to the extent specified by administrative rule adopted by the State Public Defender." On its face, the contract clearly refers to the Iowa Administrative Rules as the document delineating the scope of compensation for travel expenses. Hofmeyer never found the applicable regulations, though he contends he made diligent search for them. The Iowa Administrative Rules referred to in the contract were published in the Iowa Administrative Bulletin forty-five days before Hofmeyer signed the agreement. They were printed in the Bulletin and made available upon inspection and request pursuant to Iowa Code section 17A.3(1)(d). This span of forty-five days was surely adequate to alert anyone who would sign the contract to the travel expense limitations. Hofmeyer had a duty of inquiry to discover the document incorporated by reference, but he failed to do so. As the contract clearly refers to the Iowa Administrative Rules, Hofmeyer had the opportunity to gain actual knowledge of the material facts before he signed the contract.

## B. Terms of the Contract

■ We now turn to the content of the Iowa administrative rule and Iowa Code at issue. Iowa Code section 13B.4(5) provides in part, "if any portion of the claim is not payable under the attorney's appointment, the state public defender shall deny those portions of the claim that are not payable and approve the remainder of the claim." Iowa Administrative Code rule 493–11.1 defines travel times as follows:

Travel time means the reasonable and necessary time spent by the attorney in automobile travel under one of the following circumstances:

1. To and from the scene of the crime;
2. To and from the location of a trial, if the venue has been changed from the county in which the crime occurred;
3. To and from the place of incarceration of a client in a postconviction relief case, criminal appeal, or postconviction relief appeal;
4. To and from the location of the placement of a child in a juvenile case, if required by statute and court order to visit the placement and the placement is outside the county in which the case is pending; or
5. Other travel for which prior authorization is obtained from the state public defender.

*Inclusio unius est exclusio alterius,* the expression that "one is the exclusion of the others," has force in this case. Under this principle, any other types of travel time not outlined in Iowa Administrative Code chapter 11 are not payable. The only exception to this rule is the fifth provision allowing compensation for travel expenses if the State Public Defender gives prior authorization. The type of travel expenses claimed by Hofmeyer does not fall within the four categories above and Hofmeyer did not receive prior authorization to include in-county travel as compensable travel. The terms referenced in the Iowa Administrative Code are consistent with the purpose of the contract as they only serve to define the limits of compensation expressly stated in the main document. In view of the clear language of the contract and Administrative Code, we cannot ex-

pand the meaning of the contract to include the expenses claimed by Hofmeyer because to do so would be to obliterate the parties' freedom of contract.

## C. Contract of Adhesion and Reasonable Expectations

 Alternatively, Hofmeyer attempts to void the contract arguing it is a contract of adhesion and is subject to the reasonable expectations doctrine. In general, the concept of contracts of adhesion has been addressed primarily within the context of insurance contracts.

 The determination of whether a contract is a contract of adhesion involves the issue of unconscionability. *Home Fed. Sav. & Loan Ass'n v. Campney,* 357 N.W.2d 613, 619 (Iowa 1984). "Standardized contracts . . . drafted by powerful commercial units and put before individuals on the 'accept this or get nothing' basis, are carefully scrutinized by the courts for the purpose of avoiding enforcement of 'unconscionable' clauses." *C & J Fertilizer, Inc. v. Allied Mut. Ins. Co.,* 227 N.W.2d 169, 180 (Iowa 1975) (quoting 6 A. Corbin, *Corbin on Contracts* § 1376, at 21 (1963)). However, the contract Hofmeyer signed does not have any of the characteristics of a contract of adhesion. Nothing requires a lawyer to sign this contract. The district court may appoint non-contract attorneys in certain situations. Iowa Code § 13B.9(5). Unlike most insurance contracts, we do not have before us a contract offered on a "take it or leave it basis" between two parties of unequal bargaining power. The contract was not adhesive.

 Even if Hofmeyer could successfully argue the contract is adhesive, the reasonable expectations doctrine would not save him. "Courts in construing and applying a standardized contract seek to effectuate the reasonable expectations of the average member of the public who accepts it." Restatement (Second) of Contracts § 211 cmt. e (1979). The doctrine of reasonable expectations will assist Hofmeyer only if the terms of the referenced document are (1) bizarre or oppressive; (2) eviscerate terms explicitly agreed to; or (3) eliminate the dominant purpose of the transaction. *Campney,* 357 N.W.2d at 620.

There is nothing in this contracting circumstance remotely bizarre or oppressive. The travel limitations do not eviscerate terms explicitly agreed to by the parties. Nor does this term eliminate the dominant purpose of the transaction. Hofmeyer desired to be a contract attorney to do court-appointed indigent defense work for the State of Iowa. The dominant purpose of the contract was to provide legal services to people accused of crimes and to pay attorneys for providing those services. The disputed terms of the Iowa Administrative Code only operate to the extent they define the limits of compensation. Hofmeyer may still function as a court-appointed attorney and receive compensation for his services. As such, the terms incorporated by reference do not eviscerate the dominant purpose of the contract.

 In trying to effectuate the reasonable expectations of a contracting party we will seek to determine if a reasonable person would accept the same contract attorney Hofmeyer signed. The reasonable person presumably understands the consequence of signing a contract and the import of the terms being assenting to. *See Cronbaugh v. Farmland Mut. Ins. Co.,* 475 N.W.2d 652, 654 (Iowa Ct.App.1991) ("[w]here a party to a written contract is able to and has had the opportunity to read the contract, he or she cannot claim later in an attempt to defeat the contract that he or she did not understand the contract terms or conditions"); *see also Wilmotte & Co. v. Rosenman Bros.,* 258

N.W.2d 317, 323 (Iowa 1977). Hofmeyer contracted with knowledge of there being terms incorporated by reference. Neither Hofmeyer, nor any reasonable person reading this contract could understand the document to not include the terms of the Iowa Administrative Code as they were clearly reflected within the four corners of the contract. Hofmeyer had no reasonable expectation that would justify the nullification of the terms incorporated by reference.

**WRIT ANNULLED.**