WIGGINS, Justice
(concurring specially)-
I concur in the majority’s'decision. I agree with the majority’s analysis regarding the jury instruction that the jury could not consider a lesser included offense until it found Ambrose not guilty of the greater offense.
I also agree with the majority’s proposition “that the five instructions at issue are ■ generally supported by the law of ■ this state, although not necessarily directly.” I also agree the inference instructions corresponded to the offense charged and the lessor included offenses. I part way with the majority because the district court failed to tie the appropriate inference instruction to the applicable crime.
We have said
an instruction embodying a potential comment on the evidence does not warrant reversal unless the instruction prejudiced the complaining party. Prejudice results when the trial court’s instruction materially misstates the law, confuses or misleads the jury, or is unduly emphasized.
Anderson v. Webster City Cmty. Sch. Dist., 620 N.W.2d 268, 267-68 (Iowa 2000) (citations omitted).
In this case, the instruction telling the jury malice may be inferred from the commission of a felony which results in death, only applies to the felony-murder instruction. See State v. Oliver, 341 N.W.2d 744, 747 (Iowa 1983). Yet the court did not limit that inference to the felony-murder instruction. For this reason, I would find that instructing the jury without referencing an instruction to a specific charge not only misstates the law, but it also confuses, misleads, and unduly emphasizes the State’s argument to the jury. Under other circumstances, I could not be sure the jury did not use this instruction to infer malice in one of the lessor included offenses.
However, I find this error to be harmless because the jury found Ambrose guilty of first-degree murder. Thus, the jury did not use the instruction inferring malice from the commission of a crime to find malice in the lessor included charges. In the future, I would require any inference instruction to reference the applicable element of the crime. In addition, I would not give some of the inference instructions that are duplicative. The court does not have to give an instruction just because it appears in the Iowa State Bar Association’s instruction manual. The court must guarantee defendants a fair trial and not overemphasize the State’s case.
I also disagree with the statement that “[njormally, we are slow to disapprove of the uniform jury instructions.” First, we do not have “uniform jury instructions” approved by our court. A committee of the Iowa State Bar Association writes the instructions. The president of the bar association appoints the committee members. We do not have any oversight over the process. Second, we never intended the bar association’s instructions to have a presumption of correctness. As we said in a resolution regarding the instructions,
Under Iowa law any jury instructions might be challenged in the usual manner on appeal to this court. That right of review on the part of future litigants precludes us from considering the Plain English Redraft Instructions for official approval or disapproval. We nevertheless note this newest contribution of the committee with a deep sense of appreciation and satisfaction.
*563 Iowa Supreme Ct. Resolution, In the Matter of the Iowa State Bar Association Uniform Court Instruction Committee (May 6, 1987).
As the Supreme Court of the State of Iowa, we cannot delegate our duty to insure the instructions our courts give to our juries correctly state the law. Although the bar association does a great service to the trial courts of this state by publishing its jury instructions, the trial .court has a duty to make sure the instruction conforms with Iowa law. Accordingly, I would overrule any caselaw that gives these instructions a presumption of correctness.
APPEL, J., joins this special concurrence.