# IN THE COURT OF APPEALS OF IOWA

No. 16-1594
Filed August 16, 2017

**NICOLE GREENWOOD,**
      Appellee,

**vs.**

**STATE PUBLIC DEFENDER,**
      Appellant.
_____

Appeal from the Iowa District Court for Mahaska County, Rose Ann Mefford, District Associate Judge.

The public defender appeals the district court's decision ordering it to pay the court-appointed fees in a guardianship. **REVERSED.**

Larry Johnson Jr., State Public Defender, and William L. Bushell, Assistant State Public Defender, Des Moines, for appellant.

Nicole L. Greenwood, Ottumwa, appellee.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, Presiding Judge.**

The State Public Defender (SPD) appeals the juvenile court's decision ordering the SPD to pay the court-appointed attorney fees of Nicole Greenwood, who was appointed a guardian ad litem (GAL) in a child-in-need-of-assistance (CINA) case. Specifically, the SPD asserts the juvenile court incorrectly concluded the work Greenwood performed preparing guardianship paperwork was within the scope of her court-appointed work as the GAL in the CINA case. The SPD asserts it does not have statutory or administrative rule authority to pay Greenwood for the work she performed establishing the guardianship in probate court. Greenwood defends the juvenile court's decision. Unfortunately, the facts of this case demonstrate but one example of the broad spectrum of possible legal services undertaken by attorneys representing indigents in juvenile court. What an attorney needs to do for the client, or is ordered to do by the court, is not always work that is compensable under the Iowa Code. Because we agree the SPD is not authorized to pay for the work at issue, we reverse the juvenile court's decision.

**I. Background Facts and Proceedings.**

Greenwood was appointed as GAL for three minor children in their combined CINA cases in December 2014. Eventually, the juvenile court determined a guardianship with the children's grandparents was in the children's best interests, and in February 2016, the juvenile court ordered Greenwood to prepare guardianship paperwork. Greenwood complied with the court's order, preparing and filing the necessary documents with the probate court. After the guardianship case was opened, the juvenile court transferred jurisdiction to the

probate court and closed the CINA cases because the permanency goal of a guardianship with relative placement had been achieved.

Thereafter, Greenwood submitted an invoice for her work as the GAL to the SPD. The SPD rejected 3.5 hours Greenwood spent preparing the guardianship paperwork. Greenwood filed an application for review of the claim denial with the juvenile court that had ordered her to complete the guardianship work, and after a hearing, the juvenile court granted Greenwood's request, ordering the SPD to pay for the 3.5 hours. In granting Greenwood's application, the juvenile court stated:

> The Court finds that GAL Greenwood submitted a claim of $564.86 to the Office of the Public Defender for legal work done on behalf of the children in this case while the case was pending, including preparation of Guardianship paperwork to assist these children in achieving the permanency goal. On February 2, 2016, this Court ordered Greenwood to prepare the paperwork. Greenwood's bill was reasonable for the work done and Greenwood was representing indigent juveniles (Children in Need of Assistance) in a juvenile court proceeding, . . . pursuant to Juvenile Court Order. The juvenile cases were able to be successfully closed, with the permanency goal achieved, on June 20, 2016.
> . . . .
> The State Public Defender's denial of Greenwood's Fee Claim is overruled. The State Public Defender shall pay the unpaid portion of the claimant's compensation and costs incurred while representing indigent juveniles in a juvenile court proceeding.

The SPD appeals.

## II. Form of Review.

Greenwood first asserts this court does not have jurisdiction to hear this matter because the SPD filed a notice of appeal instead of filing a petition for a writ of certiorari. Formerly, a writ of certiorari was the proper form of review for a district court's allowance of court-appointed attorney fees. *See State Pub. Def. v.*

*Iowa Dist. Ct. for Warren Cty.*, 594 N.W.2d 34, 36 (Iowa 1999) ("It has long been established that the proper mode of review of a trial court's allowance of fees for appointed counsel is by petition to this court for an original writ of certiorari."). However, in 2006, the legislature amended Iowa Code section 13B.4(4)(d)(7) to provide: "The decision of the court following a hearing on the motion is a final judgment appealable by the state public defender or the claimant." 2006 Iowa Acts ch. 1041, § 3; *see also Crowell v. State Pub. Def.*, 845 N.W.2d 676, 682 n.4 (Iowa 2014) ("The legislature amended section 13.4(4) in 2006 to permit either a fee claimant or the State Public Defender to appeal a final judgment following judicial review of a fee claim denial."). Therefore, a notice of appeal was the proper form to request to seek review of the district court's decision in this case.[1]

### III. Scope and Standard of Review.

Our review of the district court's decision addressing the SPD's denial of a claim for court-appointed attorney fees is for the correction of errors at law. *See Simmons v. State Pub. Def.*, 791 N.W.2d 69, 73 (Iowa 2010).

### IV. Analysis.

The SPD asserts the juvenile court acted illegally by ordering it to pay for the time Greenwood spent working on the guardianship filings because it is not permitted to reimburse time spent by attorneys working in probate matters. Iowa Code section 815.11 (2016)[2] provides work done by court-appointed GALs in

---

[1] Even if the notice of appeal was improper and the SPD should have filed a petition for writ of certiorari, this infirmity would not have resulted in this matter being dismissed. *See* Iowa R. App. P. 6.108 (noting when a party seeks an improper form of review the case should not be dismissed but the appellate court should consider the initiating papers as seeking the proper form of review).

[2] Iowa Code section 815.11 provides, in part:

juvenile cases may be paid out of the indigent defense fund, but costs incurred in a proceeding under chapter 633—the probate code—are not to be paid from the fund. *See also* Iowa Admin. Code r. 493–12.1(1)–(2) (mirroring the Iowa Code by listing the attorney fees and costs that can and cannot be paid by the indigent defense fund). A guardianship is governed by chapter 633. *See generally* Iowa Code § 633.552 (outlining what must be included in a petition for the appointment of a guardian). Because guardianships are included in chapter 633 and the fund is not to pay costs associated with chapter 633, the SPD asserts the court incorrectly ordered it to pay Greenwood for the work she did preparing the documents to establish the guardianship for the children at issue in the CINA case.

The supreme court in *State Public Defender v. Iowa District Court for Polk County*, 620 N.W.2d 268, 271 (Iowa 2000), held the state public defender was required to pay the court-appointed attorney for a mother in CINA case for time the court-appointed attorney spent finding the mother suitable housing. The supreme court noted the goal of the CINA proceeding was to provide a stable home environment so the family could remain intact without danger to the children. *Iowa Dist. Ct. for Polk Cty.*, 620 N.W.2d at 270. The mother had difficulty finding housing because of the number of children involved, the economic circumstances, and the public housing regulations. *Id.* at 270–71. The SPD argued that the work the attorney did to locate housing for the mother did

> Costs incurred representing an indigent defendant in a contempt action, or representing an indigent juvenile in a juvenile court proceeding, are also payable from the [indigent defense] fund. However, costs incurred in any administrative proceeding or in any other proceeding under this chapter or chapter . . . 633, . . . are not payable from the fund.

not constitute "legal services or legal representation." *Id.* at 270. The supreme court disagreed: "[W]e cannot say [the attorney's] aid in resolving [the mother's] housing issues involved neither the exercise of professional judgment nor legal services." *Id.* at 271. However, in two subsequent, unpublished cases, this court has distinguished *Iowa District Court for Polk County*. *See In re G.P.*, No. 09-0156, 2009 WL 3337641, at *2 (Iowa Ct. App. Oct. 7, 2009); *State Pub. Def. v. Iowa Dist. Ct. for Woodbury Cty.*, No. 08-0358, 2009 WL 1492720, at *1–2 (Iowa Ct. App. May 29, 2009).

In *G.P.*, we concluded the SPD correctly denied payment of a court-appointed attorney's fee claim for work the attorney preformed for a father in a CINA case to have an out-of-state child support order terminated. 2009 WL 3337641, at *2. The CINA court directed the father's attorney to perform the work to terminate the out-of-state support obligation, the effort was successful, and as a result, the CINA case was dismissed. *Id.* at *1. However, we concluded the SPD correctly denied the claim because section 815.11 did not provide for such payment. *Id.* at *2. We concluded section 815.11 limited the payment that could be made to attorneys representing parents in CINA case to work performed *"in juvenile court."* *Id.* "We read the statutory language in section 815.11 as a general directive against allowing reimbursements for representation in legal proceedings unless the legal proceeding is on the designated list." *Id.* "Because the unambiguous language of that section does not allow payment from the indigent defense fund for resolution of child support matters, we conclude the district court exceeded its authority in ordering the State Public Defender to pay [the court-appointed attorney] for such work." *Id.*

Similarly, in *Iowa District Court for Woodbury County*, this court ruled the SPD correctly denied payment for work an attorney appointed to represent a mother in a CINA case performed in assisting the mother prepare a victim impact statement against the father of the children in criminal court. 2009 WL 1492720, at *2. The court-appointed attorney had been ordered by the criminal court to assist the mother in preparing the victim impact statement, and the CINA court concluded the submission of the victim impact statement in criminal court "was directly linked to the ultimate outcome of the [CINA] case" and the work was necessary to effectively represent the mother in the CINA case. *Id.* at *1.

However, again based on the statutory language in section 815.11, we concluded the SPD properly denied the fee claim. *Id.* at *1–2. We noted victim impact statements are part of Iowa Code chapter 915 and costs incurred under chapter 915 are not payable from the indigent defense fund pursuant to section 815.11. *Id.* at *2. Payment for work performed by attorneys representing parents in CINA matters was limited to work done "*in juvenile court.*" *Id.* We concluded, "[T]he victim impact statement was not prepared in or for the juvenile court," and "there is nothing in this record indicating the [Iowa] Department of Human Services . . . expected the mother to provide a victim impact statement in the father's criminal proceeding as a precursor to reunification." *Id.* (distinguishing the case from *Iowa Dist. Ct. for Polk Cty.*, 620 N.W.2d at 270–71). While recognizing the result was harsh as the attorney "was not paid for legal work that she was told to perform," we nonetheless found "the unambiguous language of Iowa Code section 815.11 mandates this result." *Id.*

In this case, we find the reasoning of *G.P.* and *Iowa District Court for Woodbury County* persuasive and the facts distinguishable from *Iowa District Court for Polk County.* In *Iowa District Court for Polk County*, there was no express statutory provision prohibiting paying the court-appointed attorney for the work the attorney preformed, unlike the attorneys' work at issue in *G.P.*, *Iowa District Court for Woodbury County*, and this case. Greenwood, as the GAL in the CINA proceeding, was ordered by the juvenile court to prepare the guardianship paperwork so that the CINA permanency goal could be achieved for the children at issue. The establishment of the guardianship was integral to and intertwined with the CINA proceeding. The CINA proceeding could not have been resolved, and the best interests of the children would not have been accomplished, unless the guardianship with the grandparents was instituted. But the guardianship was a separate legal proceeding apart from the CINA case, and the legislature has specifically articulated that work performed under chapter 633 should not be paid by the indigent defense fund.[3] *See* Iowa Code § 815.11 ("[C]osts incurred in any administrative proceeding or in any other proceeding under this chapter or chapter . . . 633 . . . are not payable from the fund."). Despite the juvenile court's order for Greenwood to complete and file the paperwork to establish the guardianship, we conclude the court was without the authority to order the SPD to pay Greenwood for that work from the indigent defense fund. *Maghee v. State*, 639 N.W.2d 28, 31 (Iowa 2002) ("[W]e are not

---

[3] The juvenile court did not take judicial notice of the probate file, nor it is part of the record on appeal, but it appears from the parties' briefs the petitioners in the guardianship were the grandparents. If so, the GAL was ordered to undertake legal work on behalf of persons who were not her clients, although such work was intended to ultimately benefit her clients—the children.

convinced that the inherent power to appoint counsel to assist the court in conducting a proceeding carries with it the power to order the state to compensate counsel thus appointed.").  We reverse the decision of the district court.

**REVERSED.**